IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-249-CV





LOUIS BARRELLE,



 APPELLANT


vs.





JAMES MILLER,



 APPELLEE



 




FROM COUNTY COURT AT LAW NO. 1 OF BELL COUNTY,



NO. 30,767, HONORABLE EDWARD S. JOHNSON, JUDGE 



 




 Louis Barrelle appeals from a summary judgment rendered against him in his suit
against James Miller for abuse of process. We will reverse the judgment and remand the cause
to the trial court.


THE CONTROVERSY



 In May 1985, Barrelle and Miller had an automobile collision. They were insured
by the same insurer. In September 1985, Miller sued Barrelle in justice court seeking to recover
from him the $200 deductible under Miller's policy, costs, and $50 for "preparing" the claim. 
Miller obtained issuance and service of citation in connection with his claim. It appears that
negotiations between Barrelle, Miller, and their insurer continued from May 1985 to some point
after Miller brought his suit in justice court.

 In November 1986, Barrelle sued Miller in county court at law asserting two causes
of action, one for Miller's alleged negligence and the other for his alleged "abuse of process." 
In connection with the latter claim, Barrelle alleged merely that Miller filed the suit in justice
court for $250 and did not conclude it by a trial. The county court at law sustained Miller's
special exception to the abuse-of-process action and Barrelle abandoned the claim in his first
amended original petition. Upon the jury's verdict, the county court at law rendered judgment
that Barrelle take nothing on his negligence action.

 In 1991, Barrelle sued Miller again in county court at law alleging a cause of action
for abuse of process in connection with the 1985 suit in justice court. Barrelle alleged that
Miller's obtaining service of process in that cause was fraudulent, perverted, and made for the
improper purpose of coercing their insurer into an advantageous settlement; service of the process
disrupted those negotiations causing Barrelle to lose 50 percent or more of his counterclaim
against Miller; and Miller was, in fact, not entitled to recover his deductible because the amount
paid him by the insurer was sufficient to repair his automobile. In this 1991 suit in the county
court at law, Miller moved for summary judgment on a single ground--his plea that res judicata
barred Barrelle's claim as a result of the same court's judgment in Barrelle's 1986 negligence
action. The trial court sustained the motion. Barrelle appealed to this Court from that judgment.



DISCUSSION AND HOLDINGS



 In his first point of error, Barrelle contends the trial court erred because the
summary-judgment record did not establish, as a matter of law, that the facts litigated in the 1986
action are the same as those sought to be litigated in the present action. We believe it clear from
the record that the parties join issue on res judicata in the sense of claim preclusion.

 In that sense, the doctrine of res judicata bars any cause of action that arose out of
the same subject and might have been litigated by the parties in the first suit, just as it bars a
second suit on matters actually litigated in the first suit. Texas Water Rights Comm'n v. Crow
Iron Works, 582 S.W.2d 768, 771-72 (Tex. 1979). Whether the second cause of action arose out
of the same subject matter and might have been litigated in the first suit are questions that have
vexed the courts. See Barr v. Resolution Trust Corp., 35 Tex. Sup. Ct. J. 1193, 1194-95 (Sept.
23, 1992).

 The Barr opinion requires, in that regard, that we examine the particular factual
matters that make up the "gist" of the complaint in the first action and in the second, irrespective
of the form of the action. If the two actions arise out of the same facts, the latter action is barred. 
Id. at 1195. We are instructed to take a pragmatic view of the matter and give weight "to such
considerations as whether the facts are related in time, space, origin, or motivation, whether they
form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties'
expectations or business understanding or usage." Id. (1) We look to Barr as an example of how
to apply these rather general and abstract precepts.

 A note holder sued Barr on his written guaranty that secured the debt evidenced by
his partnership's promissory note. Holding that the guaranty lacked sufficient certainty to be
enforceable, the court rendered judgment that the holder take nothing. The holder did not appeal
from the judgment. Instead, the holder joined Barr as a defendant in his pending suit against the
partnership wherein he sought to recover on the note itself, alleging Barr was personally liable
thereon because of his status as a partner. Holding the second suit barred by the final judgment
in the first, the Supreme Court of Texas stated that it was "clear in this case the execution of the
partnership note and [the guaranty] were related in time and space and motivation, and the parties
considered it a single transaction." Id. at 1196. The court cited the following as the basis for its
conclusion: (1) the note and guaranty were executed on the same date; (2) both suits sought to
hold Barr "primarily liable" for payment of the note and sought the same amount of damages; and
(3) both suits required proof establishing that the note was a partnership note, that the note was
due, and that the partnership had defaulted thereon. Id.

 In the present case, we believe the facts are plainly unrelated in time, space, origin,
and motivation, and no expectation, understanding, or usage required their treatment in a single
trial. Barrelle's negligence action against Miller involved a duty, breach of duty, damages, and
proximate cause inferred from facts surrounding his physical operation of his automobile on the
occasion of the collision in May 1985. Miller's motivation in so operating his automobile was
immaterial. Barrelle's abuse-of-process action against Miller involves his allegedly illegal or
improper use of the justice-court process in September 1985, moved by an ulterior motive or
purpose, and resulting damages. See Snyder v. Byrne, 770 S.W.2d 65, 67 (Tex. Civ.
App.--Corpus Christi 1969, no writ).

 We hold Miller did not establish as a matter of law that res judicata barred
Barrelle's abuse-of-process action and that the trial court erred in rendering summary judgment
on that ground. We sustain the first point of error. We need not therefore address Barrelle's
second point of error. We have noted that res judicata was the sole ground urged in Miller's
motion for summary judgment. Our opinion should not be understood as extending any further.

 We reverse the trial-court judgment and remand the cause to that court for further
proceedings not inconsistent with our opinion.



 

 John Powers, Justice

[Before Justices Powers, Jones and Kidd]

Reversed and Remanded

Filed: October 28, 1992

[Do Not Publish]
1.   The words quoted in Barr are from the Restatement (Second) of Judgments § 24(2) (1980).