**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 99-51011
Summary Calendar

Southwest Livestock and Trucking Co., Inc.,
Darrel Hargrove; Mary Jane Hargrove,

Plaintiffs-Appellants,

versus

Reginaldo Ramon,

Defendant-Appellee.

**Appeal from the United States District Court for the
Western District of Texas
(SA-94-CV-1082-OG)**

September 14, 2000

Before JOLLY, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Plaintiff-Appellants Southwest Livestock & Trucking Co, Inc. ("Southwest Livestock"), Darrel Hargrove, and Mary Jane Hargrove (the "Hargroves") sued Defendant-Appellee Reginaldo Ramon ("Ramon") alleging that Ramon committed usury in a loan transaction with Southwest Livestock. The district court granted summary judgment for Ramon, and Southwest Livestock appeals. We affirm.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**BACKGROUND**

The facts of this case are stated fully in this Court's earlier decision in this case, Southwest Livestock and Trucking Co. v. Ramon, 169 F.3d 317 (5th Cir. 1999) ("Southwest Livestock I"). The essential facts are as follows:

The Hargroves are United States citizens and officers of Southwest Livestock. Southwest Livestock is a Texas corporation. Ramon is a citizen of Mexico.

Southwest Livestock borrowed over $400,000 from Ramon between 1991 and 1994. This loan took the form of thirty-four successive "pagares," or Mexican promissory notes, payable to Ramon with interest within thirty days. Each month, Southwest Livestock paid the accrued interest and executed a new pagare to cover the outstanding principal. Southwest Livestock repaid $120,000 of the principal during this period, but also borrowed additional money from Ramon. The interest on these pagares was approximately fifty percent. The interest rates were illegal in Texas, but legal in Mexico.

In October of 1994, Southwest Livestock defaulted on its loan. Ramon obtained a default judgment from a court in Mexico on the thirty-fourth pagare. The Mexican court awarded Ramon $680,000 and accrued interest.

Southwest Livestock filed suit in the United States District Court, alleging that Ramon violated Texas usury laws.

2

Ramon asserted that the Mexican judgment barred Southwest Livestock's suit under principles of res judicata and collateral estoppel. The district court initially refused to recognize the Mexican judgment because of the state of Texas's policy interest in preventing usury. This Court reversed. *See* Southwest Livestock I, 169 F.3d at 323 (holding that Texas's public policy did not justify withholding recognition of the Mexican judgment). On remand, the district court enforced the Mexican judgment and granted summary judgment to Ramon. Southwest Livestock appeals.

## STANDARD OF REVIEW

We review the district court's grant of summary judgment de novo. *See Ginsberg 1985 Real Estate Partnership v. Cadle Co.*, 39 F.3d 528, 531 (5th Cir. 1994). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c).*

## DISCUSSION

Southwest Livestock concedes that the Mexican judgment bars its claim on the thirty-fourth pagare. It contends, however, that the judgment does not bar the company's usury claims on the preceding thirty-three pagares. Southwest Livestock considers each

3

pagare a distinct transaction, and argues that Ramon committed thirty-three separate acts of usury unrelated to the last pagare.

This Court looks to Texas law to determine the preclusive effects of foreign judgments. *See* <u>Success Motivation Inst. Of Japan v. Success Motivation Inst., Inc</u>., 966 F.2d 1007, 1010 (5th Cir. 1992) (ruling that state res judicata rules applied to a Japanese judgment). We must therefore determine whether Texas res judicata rules would bar Southwest Livestock's claims on the preceding thirty-three pagares.

Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action. *See* <u>Barr v. Resolution Trust Corp</u>., 837 S.W.2d 627, 628 (Tex. 1992) (clarifying Texas res judicata law). A court will bar a claim if there is (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *See* <u>Amstadt v. U.S. Brass Corp</u>., 919 S.W.2d 644, 652 (Tex. 1996). Southwest Livestock challenges only the third element of this test, arguing that its barred claim on the final pagare is distinct from its claims on the first thirty-three pagares.

Texas uses the transactional approach to res judicata to distinguish claims. *See* <u>Barr</u>, 837 S.W.2d at 631. This approach

4

"requires an analysis of the factual matters that make up the gist of the complaint, without regard to the action." *Id.* at 630. A final judgment on an action extinguishes the right to bring suit "on a transaction, or series of connected transactions, out of which the action arose." *Id.* at 631 (quoting Restatement of Judgments § 24(1)). "The determination is to be made pragmatically, 'giving weight to such considerations as whether the facts are related in time, space, origin, or motivation . . . .'" *Id.* (quoting Restatement of Judgments § 24(2)).

In this case, all of the pagares are part of what is substantively a single loan transaction. The pagares are a series of connected transactions, involving largely the same principal. Although the interest rate of the final pagare differed slightly from the rate on the earlier pagares,[2] Southwest Livestock's claim to recover excessive interest payments stems from the same factual basis. We cannot agree that Southwest Livestock could pursue its claims on each of the pagares individually, and that litigation and judgment on one pagare would not affect litigation on the others.

The Mexican court awarded Ramon judgment on the final pagare. This judgment encompassed principal that was the basis of the earlier pagares. Ramon charged Southwest Livestock an interest rate on the final pagare that would have been usurious in Texas, as

---

[2] The first thirty-three pagares had an unstated interest rate of approximately 52 percent. The final pagare stated an interest rate of 48 percent.

5

he had throughout the loan period.  If the Mexican judgment bars suit on the final pagare, it bars suit on all the pagares.

Because res judicata bars Southwest Livestock's claims on all of the pagares, we need not address the company's argument that Texas law controls its usury claim.  There is no genuine issue of material fact, and summary judgment was appropriate.

**AFFIRMED.**