NO. 07-00-0181-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 17, 2001

______________________________

KEELING DISTRIBUTING, INC., APPELLANT

V.

MELVIN BARLEY D/B/A MEL’S FUEL SERVICE, APPELLEE

_________________________________

FROM THE 286TH
 DISTRICT COURT OF HOCKLEY COUNTY;

NO. 99-10-17841; HONORABLE ANDY KUPPER, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Keeling Distributing, Inc., appeals from a judgment in favor of appellee Mel Barley d/b/a Mel’s Fuel Service declaring that appellee owns and is entitled to possession of 1,182 gallons of gasoline and 2,779 gallons of diesel fuel which is in the possession of appellant.  Appellant asserts that appellee’s claims were barred by a prior suit between the parties and that the trial court’s findings were based on legally and factually insufficient evidence.  We affirm. 

BACKGROUND

In February, 1999, appellant sued appellee in cause number 15397 in the 121
st District Court of Terry County, Texas (the Terry County suit).  The basis of the suit was that appellant sold and delivered fuel, supplies and equipment to appellee, and that appellee had not paid.  On July 26, 1999, summary judgment was entered in favor of appellant.  One basis for the summary judgment was an affidavit of appellant’s records custodian to the effect that appellant’s attached records of account reflected (1) petroleum products sold and delivered to appellee, (2) every charge made to appellee, and (3) every payment received from appellee.  The judgment was not appealed, became final, and appellee paid it.  

On November 5, 1999, appellee filed suit against appellant in the 286th District Court of Hockley County, Texas (the Hockley County suit). The suit sought a declaratory judgment that fuel located in appellant’s storage tanks at the Ropes Gin and at the Meadow Gin belonged to appellee because appellee had paid for it in the judgment entered in the Terry County suit.  Appellant counterclaimed against appellee for converting fuel belonging to appellant by taking it from appellant’s tanks at the Ropes and Meadow gins.    

Following trial to the court without a jury, judgment was entered for appellee.  The judgment declared that appellee was the owner of and had paid for two shipments of fuel which were delivered to appellee.  The judgment ordered appellant to return 1,182 gallons of gasoline and 2,779 gallons of diesel fuel to appellee.  The judgment also awarded attorney’s fees and costs to appellee.  The trial court entered findings of fact and conclusions of law.

Appellant asserts in his first issue that appellee’s Hockley County suit was barred by the doctrine of 
res judicata
 because the claims were or could have been raised in the Terry County suit.  By his second issue, appellant urges that (1) the evidence was legally and factually insufficient to support the trial court’s judgment, and (2) the trial court’s failure to find that appellee converted fuel belonging to appellant was against the great weight and preponderance of the evidence.   We will address the issues as presented by appellant.

RES JUDICATA

The parties agree that appellant sold and delivered fuel to appellee, and that appellee paid the judgment in the Terry County suit.  That suit encompassed appellant’s claims for delivered-but-unpaid-for fuel.  The Hockley County suit was, in effect, a suit to have the court declare that certain fuel in appellant’s tanks at the Meadow and Ropes gins belonged to appellee.  The question posed by appellant’s first issue, therefore, is whether the trial court was precluded from resolving a dispute about ownership of particular gallons of petroleum product when payment for the product was obtained via a prior suit between the parties.  The trial court concluded that it was not.  We agree.

Texas follows the "transactional" approach to 
res judicata
.  
Barr v. Resolution Trust Corp.
, 837 S.W.2d 627, 631 (Tex.1992).  Under the transactional approach, a subsequent suit will be barred if it arises out of the same subject matter of a previous suit and if, through the exercise of diligence, the subsequent suit could have been litigated in the prior suit.  
Id
.  In determining whether the actions arose out of a single transaction, weight should be given to such considerations as whether the facts are related in time, space, origin, or motivation and whether they form a convenient unit for trial.  
Getty Oil v. Insurance Co. of N. America
, 845 S.W.2d 794, 799 (Tex.1992); 
Barr
, 837 S.W.2d at 631. 
 The elements of 
res judicata
 are: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action.  
Amstadt v. United States Brass Corp.
, 919 S.W.2d 644, 652 (Tex. 1996). 

The trial court ruled that the Terry County suit was 
res judicata
 as to questions of how much petroleum product appellant delivered to appellee, as well as assertions by appellee that he did not receive as much product as appellant claimed to have delivered.  The trial court further ruled, however, that the question of whether the diesel fuel and gasoline in appellant’s storage tanks at the Meadow and Ropes gins belonged to appellee because it had been paid for via the Terry County judgment was not barred.  His evidentiary rulings conformed to his rulings on the 
res judicata
 legal issue.  For example, he advised the parties that the Terry County suit precluded consideration of testimony to the extent that any testimony was offered for the purpose of showing non-delivery of product reflected in invoices used as proof in support of the summary judgment in Terry County.  

We review the trial court’s 
rulings on questions of law and its conclusions of law 
de novo
.  
See
 
State v. Heal
, 917 S.W.2d 6, 9 (Tex. 1996); 
Barber v. Colorado Indep. Sch. Dist.
, 901 S.W.2d 447, 450 (Tex. 1995)
.  In doing so in this matter, we conclude, as did the trial court, that under these facts, the Terry County suit was not 
res judicata
 of title to fuel located in appellant’s storage tanks at the gins.  The controversy as to ownership of the fuel in question arose when an employee of appellant discovered an employee of appellee offloading fuel from one of the storage tanks in October, 1999.  Both parties then asserted ownership of the contents of the tanks.  The ownership dispute arose after the Terry County judgment was final and had been paid by appellee.  The facts creating the conflict sought to be resolved by declaratory judgment in Hockley County were separated by both time and motivation from the issues of appellee’s unpaid account which were litigated in the Terry County suit.  
See
 
Barr
, 837 S.W.2d at 631.  Appellant’s first issue is overruled. 

LEGAL AND FACTUAL SUFFICIENCY OF THE EVIDENCE

Appellant makes two assertions in its second issue.  First, appellant urges that the evidence is legally and factually insufficient to support the trial court’s judgment in favor of appellee.  Second, appellant urges that the trial court’s failure to grant judgment on appellant’s counterclaim for conversion is against the great weight and preponderance of the evidence. 
 The second issue subsumes three different legal concepts: (1) legal insufficiency of the evidence to support favorable findings adverse to appellant on questions whereon appellee had the burden of proof; (2) factual insufficiency of the evidence to support favorable findings adverse to appellant on questions whereon appellee had the burden of proof; and (3) failure to find in appellant’s favor on a theory (conversion) whereon appellant had the burden of proof.

Appellant’s brief does not cite any authority for the assertions made in its second issue.  
See
 
Tex. R. App. P
. 38.1(h).  
Although appellate courts are to construe briefing rules liberally, issues unsupported by citation to authority present nothing for review.  
Harris Co. Mun. Util. Dist. v. Mitchell
, 915 S.W.2d 859, 866 (Tex.App.--Houston [1st Dist.] 1995, writ denied); 
Metzger v. Sebek
, 892 S.W.2d 20, 45 (Tex.App.--Houston [1st Dist.] 1994, writ denied).
  Accordingly, appellant’s second issue is overruled.  

CONCLUSION

Having overruled both of appellant’s issues, we affirm the judgment of the trial court.  

Phil Johnson

     Justice

Do not publish.