Edward **ROBINSON**, Appellant,

v.

Ramon **GARCIA**, Appellee.

No. 13–98–094–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 21, 1999.

Gary F. DeShazo, Jerome J. Schiefelbein, Austin, for Appellant.

Lucas Thomas Elliot, Fulbright & Jaworski, Houston, Renee A. Forinash McElhaney, Fulbright & Jaworski, San Antonio, Robert G. Newman, Fulbright & Jaworski, Houston, for Appellee.

Before: Chief Justice SEERDEN and Justices DORSEY and RODRIGUEZ.

### OPINION

Opinion by Justice DORSEY.

This is an appeal of a summary judgment. By three issues, Edward Robinson, appellant, claims that the trial court erred in granting summary judgment in favor of the appellee, Ramon Garcia. The question is whether the settlement and resulting judgment in one lawsuit between the parties serves to bar the prosecution of another action through the doctrine of res judicata. We hold that because both actions arose from the same transaction, the judicial disposition of one bars the other. We affirm.

In 1988, Robinson and his wife, represented by Ramon Garcia, sued two corporate entities (hereinafter the "TCB litigation"). The jury returned a $59 million verdict in favor of Robinson as to one corporate defendant, but the trial court granted a directed verdict for the other. Robinson then settled the case for approximately $10 million. Garcia advised Robin-

son to allocate 95% of the proceeds to non-taxable tort claims in the settlement agreement.

Later in 1988, Robinson filed what he now terms a "fee bumping" lawsuit against Garcia, alleging that Garcia unlawfully increased his contingent fee from 33% to 50% in the TCB litigation in breach of their contractual fee agreement. In 1989, the trial court granted summary judgment for Garcia on this claim. Robinson appealed and this court reversed. *Robinson v. Garcia*, 804 S.W.2d 238, 248 (Tex.App.—Corpus Christi 1991, writ denied). The cause was pending through 1991.

In 1991, Robinson was informed by the IRS that his allocation of settlement was disallowed. This decision made Robinson liable for substantial back taxes, penalties and interest. In April 1991, Robinson filed a second lawsuit ("the tax suit") against Garcia, alleging that Garcia was negligent in advising him incorrectly regarding the tax consequences of the settlement. At the time this suit was filed, the fee lawsuit was on appeal. In July 1991, Garcia filed a plea in abatement in the tax lawsuit, seeking to abate the proceedings until Robinson had exhausted his administrative remedies with the IRS and until the appeal in the fee suit had been completed. In that motion, Garcia explained that abatement was proper so that after the fee appeal was resolved, the two cases could be consolidated, since both suits arose from the same transaction. Robinson received formal notice of his tax deficiency on July 25, 1991, thus indicating exhaustion of his administrative remedies.

In late 1991 or early 1992, the Texas Supreme Court denied Garcia's application for writ of error in the fee suit, and it was remanded for trial. On December 28, 1995, the 206th District Court entered a second summary judgment in that action, and Robinson again appealed. Robinson soon filed for Chapter 11 Bankruptcy protection, and this court abated the appeal. On October 28, 1996, Robinson signed a release and settlement agreement in the fee suit, which was approved by the bankruptcy court, thereby disposing of all claims in that action. This court subsequently dismissed Robinson's appeal and issued a mandate on April 11, 1997.

The tax suit remained pending. On April 28, 1997, Garcia filed a motion for summary judgment in the tax suit, relying on the affirmative defense of res judicata. The trial court granted the motion and Robinson brings the present appeal from that judgment.

By his first issue, Robinson contends that res judicata does not bar this suit, because his claims in the tax suit do not arise out of the same transaction as the fee suit. We disagree.

When considering the appeal of a summary judgment, this court must determine whether the proof establishes, as a matter of law, that no genuine issue of material fact exists. *Rodriguez v. Naylor Indus., Inc.*, 763 S.W.2d 411, 413 (Tex.1989). The movant for summary judgment bears the burden of demonstrating that no genuine issue of material fact persists and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). We construe all evidence favorable to the nonmovant as true. *Id.* Every reasonable inference is indulged in favor of the nonmovant and any doubts are resolved in the nonmovant's favor. *Id.*

Here, Garcia moved for summary judgment on the basis of res judicata. Because res judicata is an affirmative defense, Garcia was required to conclusively establish all elements of that defense as a matter of law. TEX.R.CIV.P. 94; *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979).

The broad doctrine of res judicata encompasses two distinct principles: (1) res judicata, or claim preclusion; and (2) collateral estoppel, or issue preclusion. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). Because the issue in the case is Robinson's ability to

bring an entire claim against Garcia, we are concerned here only with the claim preclusion component of the doctrine.[1] Res judicata precludes a second action by the parties on causes of action or claims that arise out of the same subject matter and could have been litigated in the first suit. *Getty Oil v. Insurance Co. of N. Am.,* 845 S.W.2d 794, 798 (Tex.1992); *Barr,* 837 S.W.2d at 630. Texas applies the "transactional approach" to res judicata. *Barr,* 837 S.W.2d at 630. The transactional approach "precludes a second action by the parties and their privies not only on matters actually litigated but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Jonalstem, Ltd. v. Corpus Christi Nat'l Bank, N.A.,* 923 S.W.2d 701, 704 (Tex. App.—Corpus Christi 1996, writ denied); *see also Getty Oil,* 845 S.W.2d at 798.

█ To determine if the subject matter of two suits is the same, we examine the factual basis of the claim or claims in the prior litigation, regardless of the form of that action. *Barr,* 837 S.W.2d at 630. Specifically, this court must consider and weigh the extent to which the facts of the cases are related in time, space, origin, or motivation; whether the cases form a convenient trial unit; and whether their treatment as a trial unit conforms to the parties' expectations or business usage. *Id.* at 631 (citing RESTATEMENT (SECOND) OF JUDGMENTS § 24(2)).

█ Examining the facts of the instant case, each of Robinson's claims arose from the Garcia's representation of him in the TCB lawsuit. In the fee case, Robinson claimed that Garcia charged him too much by improperly raising the fee at the conclusion of the case. In the tax case Robinson claims that Garcia gave him bad advice at the conclusion of the case on the taxable consequences of characterizing the recovery. Both relate to the representation by Garcia in the same lawsuit, and allege improper conduct in concluding the lawsuit. These matters are closely enough related to require both claims to be prosecuted in the same action. *See CLS Assoc., Ltd. v. A___ B___,* 762 S.W.2d 221, 223 (Tex.App.—Dallas 1988, no writ) (where attorney sued client to recover fees and was successful, client's subsequent malpractice suit was barred by res judicata) (citing *Ogletree v. Crates,* 363 S.W.2d 431, 435 (Tex.1963)).

█ Robinson seeks to distinguish *CLS* by noting that the court actually held that a malpractice claim is a compulsory counterclaim to a claim for attorney's fees and thus, must be brought in the same action. *Id.* at 224. Nevertheless, the *CLS* court affirmed a summary judgment on the basis of res judicata, stating that causes of action which arise from the same underlying transaction or occurrence must be brought in one lawsuit. The supreme court has recognized that, in this regard, the definition of res judicata is quite similar to rule of compulsory counterclaims found in the rules of civil procedure. *Barr,* 837 S.W.2d at 630. This acknowledgment indicates that where multiple disputes arise from an attorney's representation of a client, those disputes must be resolved in a single action. *Id; but see Ayre v. J.D. Bucky Allshouse, P.C.,* 942 S.W.2d 24 (Tex.App.— Houston [14th Dist.] 1996, writ denied) (where attorney and client are not adversaries in suit to recover fees from third party and client subsequently brings a malpractice claim, res judicata does not bar the second suit).

Robinson also points to his expectation that these matters would be resolved separately to support his argument that the trial court erred. However, the record clearly indicates that Garcia sent a letter to Robinson at or near the time of settlement indicating Garcia's intention to rely on res judicata as an affirmative defense. While this letter was delivered to Robinson during the bankruptcy proceedings, the

---

1. For the purpose of clarity, res judicata in this case will apply only to claim preclusion.

context of the letter unequivocally indicates an intent to rely on the defense in the pending state court malpractice action. Thus, the letter repudiates Robinson's contention that the parties agreed to resolve these matters separately.

Robinson also argues that consolidation of the two lawsuits was impracticable for various reasons. He contends that the fee suit was on appeal when the tax suit was filed, making consolidation impracticable. Subsequently the tax suit was abated and remained so when he filed his bankruptcy, which automatically stayed the tax suit. The tax suit remained abated and stayed until the bankruptcy court approved the settlement in the fee suit. However, the record indicates that the abatement in the tax suit was sought expressly to permit consolidation of the two suits. Once the fee suit was remanded to the trial court in early 1992, consolidation was possible but was not sought.

Robinson's claims in both the tax suit and the fee suit arose from Garcia's representation of him in the same lawsuit and both alleged incidents of misconduct occurred at the conclusion of the representation: the settlement of the TCB litigation. Robinson has failed to demonstrate that the parties had agreed to litigate the suits separately, or that consolidation of the suits was impracticable. Accordingly, Robinson's first issue is overruled.

■ By his second issue, Robinson contends that Garcia is equitably estopped from asserting res judicata. Robinson predicates his contention on his conclusion that the settlement agreement in the fee suit indicated the parties' intention that the tax suit would be preserved. The agreement states, in pertinent part:

Plaintiff Robinson herein releases and discharges the "Released Parties," their respective agents, servants and employee of and from any and all present, past or future claims, demands, obligations, actions, causes of action, rights, damages, costs, expenses and compensation, whether based on a tort, statute, contract, trespass or other legal theory of recovery including fraud, DTPA violations, breach of contract, negligence, or breach of fiduciary duty, which Plaintiff Robinson now has or which may hereafter acquire, which are alleged in the "Fee Suit," related to the allegations in the "Fee Suit," or which could have been alleged in the "Fee Suit," including but not limited to any and all known or unknown claims for bodily injury and personal injuries to the said Plaintiff Robinson; *however, Plaintiff Robinson does not release, compromise, or discharge those claims, demands, obligations, actions, causes of action, rights, damages, costs, expenses, and compensation currently and specifically alleged in the "Tax Suit."* (emphasis supplied).

The unequivocal meaning of this language is as Robinson contends inasmuch as it allows the tax suit to persist. However, nothing in the language of the agreement limits Garcia's right to assert valid defenses to the claims in the tax suit. In fact, the letter sent by Garcia to Robinson near the time of settlement gave Robinson notice of Garcia's intent to rely on the defense of res judicata. We find no inequity in Garcia's assertion of the defense in this circumstance.

Robinson points to a supreme court decision to support his estoppel argument. *Newman v. Link,* 889 S.W.2d 288 (Tex. 1994). Newman, an attorney, represented the father of a child injured in an automobile accident. Newman filed suit on behalf of the father. The case settled and judgment was entered. This judgment required Newman to pay the guardian ad litem fee from his agreed-upon fee. Subsequently, Newman filed suit to enjoin the execution of the judgment. The supreme court held that res judicata barred the action because Newman should have objected to or appealed from the initial judgment. The court also acknowledged, however, that even if res judicata did not apply, Newman was equitably estopped from contesting the order because he had

accepted the benefits of the judgment by accepting his fee. *Id.* at 289.

*Newman* is inapplicable here. Garcia has not sought to contest the terms of the settlement in the fee suit. Instead, he has sought resort to a valid defense to liability in the tax suit. His actions are not in contravention of that agreement. Accordingly, Robinson's second issue is overruled.

■ By his final issue, Robinson argues that the terms and conditions of the settlement agreement constitute a waiver of the defense of res judicata. However, as noted above, we find that Garcia's actions here do not violate the terms of that agreement. Thus, we hold that Garcia did not waive his defense by signing the agreement. Accordingly, Robinson's third issue is overruled.

The judgment of the trial court is AFFIRMED.