Opinion issued April 17, 2003







     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00672-CV




WANDA JONES, Appellant

V.

JOHN K. GRUBB, INDIVIDUALLY, AND JOHN K. GRUBB &
ASSOCIATES, P.C., Appellees




On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2000-22543




MEMORANDUM OPINION

          This is an appeal of summary judgment rendered for defendants/appellees, John
K. Grubb, individually, and John K. Grubb & Associates, P.C. in plaintiff/appellant
Wanda K. Jones’s suit against Grubb for legal malpractice and conversion. In three
issues presented for our review, Jones contends that the trial court’s ruling was
improper because there are genuine fact issues precluding summary judgment on her
claims and Grubb’s affirmative defense of res judicata should not have prevailed.
          We affirm.
Factual & Procedural Background
          In March 1999, Jones hired Grubb to represent her in her divorce proceeding.
 Jones paid Grubb $25,000 and signed a written “Family Law Employment Contract
and Retainer Fee Agreement” in which she agreed to pay him an additional $50,000
by May 5, 1999. As collateral to secure the $50,000 to be paid, Jones pledged a
diamond ring and an emerald necklace. As Jones notes, a subparagraph addresses the
circumstances under which Grubb could withdraw his representation and includes as
grounds for withdrawal if Jones “deliberately disregards an agreement or obligation
to the Firm as to expenses or fees.” 
          Jones did not pay Grubb the $50,000 due in May. As a result, Grubb informed
Jones he intended to withdraw from her case. He filed a motion to withdraw that
Jones opposed, but that was granted by the trial court. Grubb did not return the
jewelry Jones had given him as security. Jones was not able to hire another attorney
to take the case, because trial was set only a few weeks away. After the court denied
her motion for continuance, Jones negotiated an out-of-court settlement with her
husband. Despite having a valid marital property agreement that entitled her to a
$500,000 settlement, Jones agreed to settle for $155,000. She and her ex-husband
agree that this was substantially less than she might have recovered had the case gone
to trial. 
          The trial court rendered a final divorce decree on June 16, 1999. That day,
Jones sued Grubb pro se for negligent provision of legal services, unjust enrichment,
declaratory judgment, breach of contract, and conversion. The trial court dismissed
the suit in August 1999 for want of prosecution. In November 1999, Jones sued
Grubb a second time, seeking injunctive relief ordering Grubb to execute a partial
release of a lien on property that had become her homestead. In her petition, Jones
referred to the underlying divorce action and attached a copy not only of the lien, but
also of the security agreement she executed when she pledged her jewelry as
collateral for the $50,000 she had promised to pay Grubb. She also noted that Grubb
continued to allege that he was due the sum of $37,222.07 for legal services rendered
in connection with the divorce. Pursuant to the parties’ resolution of their dispute,
Jones filed a motion to dismiss the suit with prejudice which the trial court granted.
          In May 2000, Jones sued Grubb for breach of fiduciary duty, breach of
contract, and conversion based on his withdrawal of representation and because he
retained her jewelry. She sought to recover actual and punitive damages and
attorney’s fees. Grubb filed a traditional motion for summary judgment raising the
plea of res judicata. He also contended that there was no evidence of damages in
regard to the claims for legal malpractice or conversion. The trial court denied this
motion. After Grubb filed an amended motion for summary judgment and for
reconsideration of his original motion for summary judgment, the trial court rendered
judgment without specifying the basis for its ruling.
Discussion
          In her third issue, Jones contends that res judicata does not apply. She further
contends that Grubb cannot raise this issue on appeal because it was not raised in his
amended motion for summary judgment. Accordingly, we address as a threshold
matter whether we may consider this issue.
          A motion for summary judgment must state the grounds on which it is based. 
Tex. R. Civ. P. 166a(c). It is well settled that a motion for summary judgment must
stand or fall on the grounds presented in the motion. McConnell v. Southside Indep.
Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993). The movant must establish his
entitlement to summary judgment on issues “expressly presented” to the trial court
by conclusively proving all elements of a cause of action or a defense as a matter of
law. Chessher v. Southwestern Bell Tel. Co., 658 S.W.2d 563, 564 (Tex. 1983). 
Therefore, a trial court may not render summary judgment on a defense that is not
addressed in the summary judgment proceeding. Id. We further note that a
substituted or amended motion for summary judgment supercedes and supplants the
previous motion, which may no longer be considered. Frias v. Atlantic Richfield Co.,
999 S.W.2d 97, 102 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). The
preliminary question before us, then, is whether the defense of res judicata was
expressly presented to the trial court and addressed in the summary judgment
proceeding after an amended motion for summary judgment was filed.
          The record shows that, in the portion of the original motion for summary
judgment detailing the basis for the motion, Grubb presented an extensive res
judicata argument based on the suit Jones filed against him. He attached to the
motion a copy of the petition and the trial court’s order dismissing the cause with
prejudice. He also attached a copy of the petition in the suit that was dismissed for
want of prosecution. In his amended motion for summary judgment, Grubb did not
incorporate the first motion in its entirety, reattach the proof, or elaborate on the res
judicata argument. However, the argument was not entirely omitted. In paragraph
III of the amended motion, Grubb statef in the motion that he was seeking summary
judgment on the ground that all of Jones’s causes of action were “barred pursuant to
the rules of res judicata, collateral estoppel, and estoppel by judgment.” In addition,
the motion is styled as an “Amended Motion for Summary Judgment and Motion for
Rehearing.” Grubb notes that Jones’s response was made to his “motions” for
summary judgment. Finally, and most significantly, the trial court’s order granting
the motion expressly states that the trial court considered both the motion for
summary judgment and the amended motion for summary judgment. Although the
second motion for summary judgment should properly have been styled a
“supplemental” motion rather than an “amended” motion, we nevertheless conclude
that, under these circumstances, the issue of res judicata was expressly presented to
the trial court and addressed in the summary judgment proceeding. See State Bar of
Texas v. Heard, 603 S.W.2d 829, 833 (Tex.1980) (substance of plea for relief rather
than form or title of document determines true nature of pleading or motion). 
          In addition to raising the plea of res judicata, Grubb contended that there was
no evidence of damages for legal malpractice or conversion. When the judgment
does not specify the ground relied on, we will affirm the summary judgment if any of
the theories advanced in the motion for summary judgment and preserved on appeal
is meritorious. See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex.
1993). Because the plea of res judicata was preserved for appeal and is dispositive,
we address the merits of the plea.
          Standard of Review
          Summary judgment may be obtained on a plea of res judicata. See Jones v.
Nightingale, 900 S.W.2d 87, 88 (Tex. App.—San Antonio 1995, writ ref’d); Walker
v. Sharpe, 807 S.W.2d 442, 447 (Tex. App.—Corpus Christi 1991, no writ). We
apply the usual standard of review. A defendant who moves for summary judgment
on the basis of an affirmative defense has the burden to prove conclusively all the
elements of the affirmative defense as a matter of law. KPMG Peat Marwick v.
Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). Accordingly,
Grubb had the burden of proving each element of his affirmative defense of res
judicata. In reviewing the evidence, we take as true the nonmovant’s evidence and
indulge every reasonable inference in favor of the nonmovant. Nixon v. Mr. Prop.
Mgmt., 690 S.W.2d 546, 548-49 (Tex. 1985).
          The Doctrine of Estoppel by Judgment
          There are two principal categories within the doctrine of estoppel by judgment:
(1) claim preclusion—also known as res judicata—and (2) issue preclusion—also
known as collateral estoppel. Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628
(Tex. 1992). Res judicata, or claim preclusion, prevents the relitigation of a claim
that has been finally adjudicated, as well as related matters that should have been
litigated in the prior suit. Id. It prevents splitting a cause of action and is intended
to bring a final end to litigation and to promote judicial economy. Jeanes v.
Henderson, 688 S.W.2d 100, 103 (Tex. 1985). Through the doctrine of res judicata,
a judgment is final not only as to the matters actually determined, but also to all other
matters that the parties might have litigated. Miller v. State & County Mut. Fire Ins.
Co., 1 S.W.3d 709, 714 (Tex. App.—Fort Worth 1999, pet. denied). As Grubb notes,
the doctrine is applicable to disputes between counsel and their former clients. See,
e.g., Robinson v. Garcia, 5 S.W.3d 348, 351 (Tex. App.—Corpus Christi 1999, pet.
denied) (holding that multiple disputes arising from attorney’s representation of client
must be resolved in single action).
          The elements of res judicata include: (1) a prior final judgment on the merits
by a court of competent jurisdiction; (2) identity of parties or those in privity with
them; and (3) a subsequent action based on the same claims raised or those that could
have been raised in the first action. Amstadt v. United States Brass Corp., 919
S.W.2d 644, 652 (Tex. 1996). To determine whether a prior and later lawsuit arise
from the same claims, we analyze the factual matters that make up the gist of the
claims in the earlier litigation without regard to the form of the action. Barr, 837
S.W.2d at 630. In so determining, we follow a “transactional” approach. Id. at 627. 
Factors to consider in determining whether facts constitute a single transaction are
“their relatedness in time, space, origin, or motivation, and whether, taken together,
they form a convenient unit for trial purposes.” Getty Oil Co. v. Insurance Co. of N.
Am., 845 S.W.2d 794, 798-99 (Tex. 1992) (citing Restatement (Second) of
Judgments § 24 cmt. b (1980)). 
          Application of the Doctrine to the Facts
          Jones contends that, because Grubb was not a party to nor in privity with the
parties in the underlying divorce action, res judicata is inapplicable and does not bar
this suit. In contrast, Grubb bases his argument not on the previous divorce
action—to which he was neither a party nor in privity with the parties—but on the
previous suit Jones brought against Grubb for injunctive relief that was settled and
subsequently dismissed with prejudice. For the purposes of our transactional
analysis, we agree that it is this earlier suit seeking injunctive relief that comprises the
basis of Grubb’s claim, not the divorce action. We conclude that Jones’s arguments
challenging res judicata based on the divorce action are irrelevant. We further
conclude that the first two elements are satisfied, i.e., a final judgment was rendered
by a court of competent jurisdiction and the parties are the same. Therefore, we turn
to the question of whether the facts on which Jones bases her claims in this action and
the facts on which she based her claim for injunctive relief against Grubb constitute
a “single transaction.”
          In her prior action for injunctive relief, Jones discussed in her petition her
delivery of jewelry and precious stones to Grubb as security for payment for his legal
representation in her divorce. She attached their written agreement to her petition. 
She also referred to Grubb’s withdrawal two weeks before trial, acknowledged that
Grubb maintained that Jones still owed him money for his representation in that
action, and noted that he retained her jewelry. She prayed for any relief in law or
equity to which she might have been entitled. Here, Jones seeks damages for legal
malpractice and conversion based on his having withdrawn his representation and not
returning her jewelry. The issue central to both suits was Grubbs’s representation of
Jones in the divorce action, including the propriety of his withdrawal shortly before
trial, and whether he had the right to continue to hold her property as security for
unpaid fees. Thus, her claims arose from facts that were related in time, space, origin,
and motivation. Furthermore, litigation of all of these causes of action would have
formed a convenient trial unit.
Conclusion
          We hold that res judicata barred Jones’s suit against Grubb and that the trial
court did not err in rendering summary judgment on this basis. Our holding is
dispositive of the appeal; therefore, we need not address issues one and two
challenging summary judgment on the claims for legal malpractice and conversion.
          We affirm the summary judgment.
 
                                                             /s/ Evelyn V. Keyes
                                                             Justice 


Panel consists of Justices Taft, Keyes, and Jennings.