MARY'S OPINION HEADING 









                                                                                                        NO. 12-05-00037-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

DARRIN R. TEAGUE,         §                      APPEAL
FROM THE 114TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

SOUTHSIDE
BANK,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                        
                                                   

MEMORANDUM
OPINION

            Darrin R. Teague, an inmate in the Texas Department of
Criminal Justice-Institutional Division (“TDCJ”), proceeding pro se,
appeals the trial court’s order granting summary judgment and awarding
sanctions in favor of Southside Bank. 
Teague raises four issues on appeal. 
We affirm.

 

Background








            In August 2002, Teague sued Southside alleging that
Southside had acted negligently and breached its fiduciary duty with regard to
an account that belonged to his deceased mother, Frances Perryman.  Specifically, Teague alleged that he had
given Perryman his power of attorney and that she had placed a settlement check
for $12,135.85 in an account at Southside listing Teague as the sole
beneficiary.  Teague further alleged that
thereafter, Perryman withdrew the settlement money and placed it in another
account at Southside, but failed to designate Teague as the beneficiary.  When Perryman died, her burial expenses were
paid out of the second account. 
Thereafter, the independent administrator of Perryman’s estate and
Teague executed a compromise and settlement agreement with Southside that gave
the funds remaining in the second account to Teague.  In return, Teague agreed to forfeit any
claims he might have against Southside relating to Perryman’s accounts at the
bank.  Southside moved for summary
judgment, and the trial court granted Southside’s motion.

            Teague filed another lawsuit in June 2004.  In his 2004 suit, Teague asserted the same
underlying facts as in the suit he filed in 2002.  Teague alleged that Southside was liable to
him for fraud because Southside forced him to sign the compromise and
settlement agreement under coercion and duress with knowledge that it was
Teague’s money in the account.  Southside
answered and filed a cross claim for sanctions.[1] 
Southside moved for summary judgment on its pleadings and requested
sanctions contending that Teague’s claim was barred by res judicata.  The trial court granted Southside’s motion
for summary judgment and ordered Teague to pay one thousand dollars to
Southside in attorney’s fees.  This
appeal followed.

 

Standard of Review

            In reviewing a traditional motion for summary judgment,
this court must apply the standards established in Nixon v. Mr. Property
Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985), which are as follows:

 

                1.             The
movant for summary judgment has the burden of showing that there is no genuine
issue of material fact and that it is entitled to judgment as a matter of law;

 

                2.
            In deciding whether there is a
disputed material fact issue precluding summary judgment, evidence favorable to
the nonmovant will be taken as true;

 

                3.
            Every reasonable inference
must be indulged in favor of the nonmovant and any doubts resolved in its
favor.

 

 








See id.; May
v. Nacogdoches Mem’l Hosp., 61 S.W.3d 623, 628 (Tex. App.–Tyler 2001,
no pet.).  For a party to prevail on a
motion for summary judgment, he must conclusively establish the absence of any
genuine question of material fact and that he is entitled to judgment as a
matter of law.  Tex. R. Civ. P. 166a(c). 
A movant must either negate at least one essential element of the
nonmovant's cause of action or prove all essential elements of an affirmative
defense.  See Randall's Food
Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); see also
MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).  Since the burden of proof is on the movant,
and all doubts about the existence of a genuine issue of material fact are
resolved against the movant, we must view the evidence and its reasonable
inferences in the light most favorable to the nonmovant.  See Great Am.  Reserve Ins. Co. v. San Antonio Plumbing
Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).  We are not required to ascertain the
credibility of affiants or to determine the weight of evidence in the
affidavits, depositions, exhibits, and other summary judgment proof.   See Gulbenkian v. Penn, 151
Tex. 412, 252 S.W.2d 929, 932 (Tex. 1952). 
The only question is whether an issue of material fact is
presented.  See Tex. R. Civ. P. 166a(c).

            Once the movant has established a right to summary
judgment, the nonmovant has the burden to respond to the motion for summary
judgment and present to the trial court any issues that would preclude summary
judgment.  See, e.g., City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678-79 (Tex.
1979).  All theories in support of or in
opposition to a motion for summary judgment must be presented in writing to the
trial court.  See Tex. R. Civ. P. 166a(c).

 

Res Judicata

            In his first, second, and fourth
issues, Teague argues that the trial court erred in granting Southside’s motion
for summary judgment.[2]  Res judicata is an affirmative defense.  See
Tex. R. Civ. P. 94.  The doctrine
of res judicata addresses the conclusive effects of judgments.  Puga v. Donna Fruit Co., 634
S.W.2d 677, 679 (Tex. 1982).  Under the
doctrine, a party may not dispute a right, question, or fact distinctly put in
issue and directly determined by a court of competent jurisdiction in a prior
suit as a ground of recovery or defense in a later suit between the same
parties.  See Tex. Water Rights
Comm’n v. Crow Iron Works, 582 S.W.2d 768, 771–72 (Tex. 1979).  Res judicata also bars a party from
litigating matters in a later lawsuit that it could have raised, but did not
raise in a previous lawsuit.  Abbott
Labs. v. Gravis, 470 S.W.2d 639, 642 (Tex. 1971).  Thus, Southside was required to demonstrate
that  (1) there was a prior final
judgment on the merits by a court of competent jurisdiction; (2) the identity
of parties or those in privity with them was the same as the case at hand; and
(3) the instant case is based on the same claims as were raised or could have
been raised in the first action.  See
Robinson v. Garcia, 5 S.W.3d 348, 350 (Tex. App.–Corpus Christi
1999, pet. denied).  

            Here, the record reflects that trial
court had jurisdiction to render judgment in the Teague’s 2002 lawsuit.  Additionally, the record reflects that the
parties involved in the instant litigation are the same parties as were
involved in Teague’s 2002 lawsuit.

             
Texas has adopted the “transactional” approach to res judicata.  See Barr v. Resolution Trust
Corp., 837 S.W.2d 627, 631 (Tex. 1992); Restatement (Second) of Judgments § 24 (1982).  Determining whether a series of transactions
arises from related subject matter requires an examination of the factual
background of the claim or claims in the prior litigation.  Id. at 630.  In determining whether claims arise out of
the same subject matter and thereby constitute a single “transaction,” the
court considers (1) the two claims’ relatedness in time, space, origin, or
motivation, (2) whether the claims form a convenient trial unit, and (3)
whether their treatment as a trial unit conforms to the parties’ expectations
or business understanding or usage.  See
id. at 631.

            Teague argues that Southside acted
fraudulently in securing the release from him. 
The record reflects that the compromise and settlement agreement was
signed prior to the first lawsuit filed by Teague.  Thus, any complaint that Teague had about
Southside’s management of the account or the execution of the release was fully
known to Teague prior to the filing of the first lawsuit.  Both lawsuits concerned the same subject
matter—the management of Perryman’s bank accounts by Southside.  Thus, we conclude that the claim asserted in
the first lawsuit and the fraud claim asserted in this suit are related in
time, space, origin, and motivation. 

            Moreover, the claims also form a
convenient trial unit inasmuch as separate lawsuits would require significant
duplication of effort of the court and the parties involved.  See id.  Furthermore, it follows that the treatment of
the two matters as a trial unit conforms to the parties’ expectations or
business understanding or usage considering that Teague’s allegations in both
suits involve underlying factual circumstances before the parties at the time
the settlement agreement was executed. 
Therefore, we conclude that the claims asserted for negligence in the first
case and the fraud claim in the case at hand constitute a single
transaction.  We hold the trial court did
not err in granting Southside’s motion for summary judgment on its affirmative
defense of res judicata.  Teagues first,
second, and fourth issues are overruled.

Sanctions

            In his third issue, Teague argues
that Southside is not entitled to sanctions pursuant to Texas Rule of Civil
Procedure 13 because it did not request such sanctions in its motion for
summary judgment.   A motion for summary
judgment shall state the specific grounds therefor.  See Tex.
R. Civ. P. 166a(c).  Rule 13
authorizes the court to sanction a party pursuant to Texas Rule of Civil
Procedure 215.2(b).  See Tex. R. Civ. P. 13.  Rule 215.2(b) authorizes sanctions in the
form of attorney’s fees.  See Tex. R. Civ. P. 215.2(b)(8).    

            Our review of Southside’s summary
judgment motion indicates that Southside requested sanctions in paragraphs four
and five of its motion.  Thus, Rule
166a(c) is satisfied.  Teague has not
made a substantive challenge to the trial court’s grant of sanctions in
Southside’s favor.  Accordingly, we hold
that Southside properly presented the issue of sanctions to the trial court in
its motion for summary judgment.  Teague’s
third issue is overruled.

 

Disposition

            Having overruled Teague’s issues
one, two, three, and four, we affirm the trial court’s judgment.

 

 

                                                                                                    DIANE DEVASTO   

                                                                                                                 Justice

 

 

Opinion delivered June 14, 2006.

Panel consisted of Worthen, C.J., Griffith, J.,
and DeVasto, J.

 

 

 

 

 

(PUBLISH)











     [1] Southside attached a copy of the petition
from Teague’s 2002 lawsuit as an exhibit to its answer. 





     [2] Teague’s issues are construed liberally
in the interest of justice.