Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-09-00565-CV

Kristofer Thomas **KASTNER**,
Appellant and Cross-Appellee

v.

**MARTIN & DROUGHT, P.C.** f/k/a Martin & Drought, Inc. and f/k/a Martin, Drought &
Torres, Inc., Gerald T. Drought, and Dain A. Dreyer,
Appellees and Cross-Appellants

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-06774
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:        Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  July 20, 2011

AFFIRMED

Kristofer Thomas Kastner appeals the trial court's order declaring him a vexatious

litigant and the judgment dismissing his fraud and breach of contract actions with prejudice. We

affirm.

In 1999, the Texas Board of Law Examiners made a preliminary determination that

Kastner, a law school graduate, lacked the good moral character required for admission to

practice law in Texas. The determination was based on Kastner's criminal history, his failure to

disclose the criminal history on his law school applications, and his history of chemical dependence. Kastner hired the law firm of Martin, Drought and Torres, Inc. to represent him at a hearing to reconsider his application. After a November 1999 hearing, the Board issued an order on January 3, 2000, confirming its earlier decision.

In August 2006, Kastner sued the law firm and two attorneys — Gerald T. Drought and Dain A. Dreyer — for legal malpractice and breach of fiduciary duty. He alleged the attorneys failed to properly prepare for and present his case at the November 1999 hearing and failed to adequately inform and advise him, all of which resulted in his not receiving a law license and other damages. The attorneys filed a motion for summary judgment, alleging Kastner's suit was barred by the statute of limitations and that Kastner had no evidence of any breach of duty or causation. The trial court granted the motion and rendered a take nothing final judgment against Kastner. This court subsequently affirmed the judgment and the Texas Supreme Court denied a petition for review. *Kastner v. Martin & Drought, Inc.*, No. 04-07-00342-CV, 2009 WL 260601 (Tex. App.—San Antonio Feb. 4, 2009, pet. denied) (mem. op.).

Kastner sued the lawyers again in 2008, adding another law firm as a defendant. The 2008 petition alleged the same general wrongdoing by the attorneys, the same causes of action, and the same injuries. The trial court severed the claims against the new defendant and granted a take-nothing summary judgment in favor of the attorneys and Martin, Drought on grounds of res judicata. This court affirmed the trial court's finding that an appeal of the judgment would be frivolous and later dismissed the appeal for want of prosecution. *Kastner v. Martin & Drought, P.C.*, No. 04-08-00779-CV, 2009 WL 618698 (Tex. App.—San Antonio Mar. 11, 2009, order, pet. denied) (per curiam), *disp. on merits*, 2009 WL 962528 (Tex. App.—San Antonio April 8, 2009) (per curiam) (mem. op.), *cert. denied*, 130 S.Ct. 2353 (2010).

Kastner filed this action against Martin & Drought, P.C., Drought, and Dreyer in April 2008. The petition again complains of the attorneys' alleged acts and failures to act in connection with their representation of him in the 1999 hearing before the Board of Law Examiners. Kastner recasts the claims as breach of contract, fraudulent misrepresentation, and failure to disclose. The defendants filed an answer, asserting res judicata and the statute of limitations as defenses, and filed a motion to declare Kastner a vexatious litigant pursuant to chapter 11 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §11.01 *et seq.* (West 2002). After an evidentiary hearing, the trial court signed an order declaring Kastner a vexatious litigant, requiring Kastner to post security in the amount of $17,500 before the case would proceed, and prohibiting Kastner from filing any further litigation against the defendants in any Texas court without first obtaining permission of the local administrative judge. When Kastner failed to file the ordered security, the trial court dismissed the case with prejudice. At Kastner's request, the trial court issued findings of fact and conclusions of law.

Kastner appealed the judgment. The defendants filed a cross-appeal, complaining of the trial court's ruling that the appeal was not frivolous and Kastner was entitled to a free record. Another panel of this court decided the cross-appeal and reversed the trial court's order. *Kastner v. Martin & Drought, P.C.*, No. 04-09-00565-CV, 2010 WL 2843946 (Tex. App.—San Antonio July 21, 2010, order) (per curiam) (mem. op.). The court held the appeal is frivolous and required Kastner to pay the costs for preparation of the record. The clerk's record has been filed; however, Kastner did not pay the fee for preparation of the record of the hearing on the motion to declare him a vexatious litigant, and that record has not been filed.

**VEXATIOUS LITIGANT FINDING**

Section 11.051 of the Texas Civil Practice and Remedies Code authorizes a defendant to file a motion for an order determining plaintiff to be a vexatious litigant and requiring the plaintiff to furnish security. TEX. CIV. PRAC. & REM. CODE ANN. §11.051 (West 2002). When a timely motion under section 11.051 is filed, the litigation is stayed and the trial court must hold a hearing on the motion after giving notice. *Id.* §§ 11.052, 11.053. The trial court may find a plaintiff to be a vexatious litigant if the defendant shows "that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant" and one of the other factors enumerated in section 11.054. *Id.* § 11.054. Here, the defendants alleged the factors in section 11.054(2), that:

> (2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, in propria persona, either:
>
> > (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or
> >
> > (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined;

*Id.*

In several issues, Kastner challenges the trial court's findings under section 11.054. Kastner first argues the defendants did not meet their burden because their motion was conclusory and defendants did not attach all their evidence to the motion. The motion cited Chapter 11 and sought an order finding Kastner to be a vexatious litigant, requiring security, and prohibiting future filings; it alleged that Kastner, proceeding pro se, had twice before filed the same suit against them and both times suffered a take-nothing judgment. The defendants attached to the motion the appellate court opinions in the earlier cases. The motion was

sufficient to give Kastner notice of the grounds for the motion. At the statutorily required hearing, the trial court may consider "any evidence material to the ground of the motion," including "written or oral evidence" and "evidence presented by witnesses or by affidavit." *Id.* §11.053. Nothing in the statute requires the defendants to attach or refer to all their evidence in their motion.

Kastner next argues the defendants failed to prove he had no reasonable probability of prevailing in the litigation and one of the other factors listed in section 11.054, and that the trial court's findings and conclusions to that effect are not supported by the record. However, Kastner did not procure a record of the hearing on the motion to declare him a vexatious litigant. When the ruling complained of resulted from an evidentiary hearing in open court, the complaining party must present a record of that hearing to establish harmful error. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 783 (Tex. 2005). The parties agree an evidentiary hearing occurred and Kastner refers in his brief to some of the evidence admitted at the hearing. However, in the absence of the reporter's record of the hearing, we presume the evidence presented supports the trial court's order. *See In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 316 (Tex. App.—Houston [1st Dist.] 2006, original proc.); *Wright v. Wright*, 699 S.W.2d 620, 622 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.). Accordingly, Kastner cannot show the trial court abused its discretion in finding him to be a vexatious litigant or that the record does not support the trial court's findings and conclusions. *See Nell Nations Forist v. Vanguard Underwriters Ins. Co.*, 141 S.W.3d 668, 670 (Tex. App.—San Antonio 2004, no pet.) (trial court's determination plaintiff is a vexatious litigant reviewed under an abuse of discretion standard).

Nevertheless, we note that the relevant pleadings and judgments from the prior lawsuits are contained elsewhere in the record and they conclusively establish the criteria for finding Kastner a vexatious litigant. Both previous suits were finally determined against Kastner with take-nothing judgments. The first judgment was affirmed on appeal, and the appeal of the second judgment was dismissed. *See Kastner v. Martin, Drought & Torres, Inc.*, No. 04-07-00342-CV, 2009 WL 260601 (Tex. App.—San Antonio Feb. 4, 2009, pet. denied) (mem. op.); *Kastner v. Martin & Drought, P.C.*, No. 04-08-00779-CV, 2009 WL 962528 (Tex. App.—San Antonio April 8, 2009) (per curiam) (mem. op.), *cert. denied*, 130 S.Ct. 2353 (2010). In both the second suit and this suit, Kastner, pro se, attempts to relitigate against the same defendants the controversy and issues of fact concluded by the earlier final determinations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(2)(B). The pleadings also establish Kastner had no reasonable probability of prevailing in this case because the suit is barred by res judicata. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex. 1992) (holding that res judicata bars a subsequent suit between same parties that arises out of same subject matter and which through the exercise of diligence could have been litigated in prior suit); *Pinebrook Props., Ltd. v. Brookhaven Lake Prop. Owners Ass'n*, 77 S.W.3d 487, 496-97 (Tex. App.—Texarkana 2002, pet. denied) (holding that where there is legal relationship between parties, all claims, causes of action, and legal theories arising from that relationship arise from the same subject matter and are subject to res judicata); *Robinson v. Garcia*, 5 S.W.3d 348, 352 (Tex. App.—Corpus Christi 1999, pet. denied) (holding that all claims arising from attorney's representation of plaintiff should have been prosecuted in same action, and subsequent suit was barred by res judicata); *Fernandez v. Mem'l Healthcare Sys., Inc.*, 896 S.W.2d 227, 231 (Tex. App.—Houston [1st Dist.]

1995, writ denied) (summary judgment is judgment on the merits and is accorded res judicata effect).

## FINDINGS AND CONCLUSIONS

Kastner next complains the court's findings and conclusions are conclusory and insufficient to support the order, and that the trial court should have issued additional findings and conclusions. We disagree. The trial court's findings and conclusions encompassed all of the ultimate or controlling issues. Additional findings are not required "if the original findings and conclusions 'properly and succinctly relate the ultimate findings of fact and law necessary to apprise [the party] of adequate information for the preparation of [the party's] appeal.'" *Main Place Custom Homes, Inc. v. Honaker*, 192 S.W.3d 604, 612 (Tex. App.—Fort Worth 2006, pet. denied) (quoting *Balderama v. W. Cas. Life Ins. Co.*, 794 S.W.2d 84, 89 (Tex. App.—San Antonio 1990), *rev'd on other grounds*, 825 S.W.2d 432 (Tex.1991)). Additional findings were not necessary for Kastner to adequately present his arguments on appeal.

## DUE PROCESS, DUE COURSE OF LAW, AND ACCESS TO COURTS

In his remaining issues, Kastner contends his rights to due process and due course of law, to petition, and to access to the courts have been violated in various ways. Kastner complains the trial court denied his right to due process in its conduct of the vexatious litigant hearing. However, in the absence of a record of that hearing, no error is shown. Kastner next contends his constitutional rights were violated when the trial court denied a motion to recuse and the local administrative judge denied Kastner a "hearing on the recusal judge and refused to toll the time period for hearing the motion to vacate." Neither order to which Kastner refers is in the record. Moreover, Kastner asserts the local administrative judge's order was signed February 24, 2010, which was long after the trial court's plenary power over the judgment expired. Finally, Kastner

offers no legal argument or authority for his contention that the trial court or the administrative judge erred or that Kastner's constitutional rights were violated.

Kastner next argues he is constitutionally entitled to a free reporter's record of the hearing on the motion to declare him a vexatious litigant. However, he does not address this court's previous order and opinion holding the appeal frivolous. Nor has he provided any argument or authority to support the contention that he has a constitutional right to a free record to pursue a frivolous civil appeal.

Finally, Kastner complains the trial court's order entered pursuant to the vexatious litigant statute, requiring him to seek approval before filing future litigation and setting security to be filed before the case could proceed violates his rights. Again, Kastner offers no clear and concise argument supported by authorities. Kastner's constitutional issues are inadequately briefed, present nothing for review, and are therefore overruled. *See* TEX. R. APP. P. 38.1(i); *Gardner v. Gardner*, 229 S.W.3d 747, 756 (Tex. App.—San Antonio 2007, no pet.); *Brown v. Texas Bd. of Nurse Examiners*, 194 S.W.3d 721, 723 (Tex. App.—Dallas 2006, no pet.)

The judgment of the trial court is affirmed.


Steven C. Hilbig, Justice