Alex Melvin WADE, doing business
as American Consultant,
Plaintiff–Appellant

v.

BANK OF AMERICA, N.A., and its unknown named employees; Messer Campbell & Brady, Limited Liability Partnership; District Clerk Jerry Deere, Clerk of the District Court of Brazoria County; Craig Michael Bechtel; Shawn Kevin Brady; Depo Texas, Defendants–Appellees.

No. 11–20040
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 1, 2012.

Alex Melvin Wade, Jr., Doing Business as American Consultant, Beaumont, TX, pro se.

Shawn Kevin Brady, Esq., Messer, Campbell & Brady, L.L.P., Frisco, TX, Rupert Fraser Barron, Esq., Hirsch & Westheimer, P.C., Houston, TX, Allen Stricklin, Assistant District Attorney, Raethella Jones, Esq., District Attorney's Office, Angleton, TX, for Defendants–Appellees.

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM: *

Alex Melvin Wade, Jr., d/b/a American Consultant Legal Litigants, Paralegals, Professional Adjusters and Financial Brokers of Texas (American Consultant), sued Bank of America, N.A., its counsel, Shawn Brady, and his law firm, Messer Campbell & Brady, L.L.P., court reporter Craig Michael Bechtel, Depo Texas (the Bank of America defendants), as well as Jerry Deere, clerk of the Brazoria County District Court, alleging violations of his federal civil rights and state law with respect to a prior state court action by Bank of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

America to repossess a Hummer H2 vehicle that Wade had financed through Bank of America. Wade cited 42 U.S.C. §§ 1983, 1985 and provisions of the Texas Business and Commerce Code/Uniform Commercial Code (U.C.C.). The district court granted summary judgment, adopting the magistrate judge's conclusion that all Wade's claims against the Bank of America defendants were barred by res judicata or collateral estoppel; that Wade's claims that he did not receive service of a summary judgment motion in the state proceeding were without merit because Wade was on notice of the motion and had ample time to respond to it; that because the Bank of America defendants were not state actors, Wade had no claims against them under §§ 1983 and 1985; and that Wade failed to make out a prima facie case of conspiracy as to all the defendants. Wade now appeals. We AFFIRM.

When determining the preclusive effect of a state court judgment in a subsequent federal action, federal courts apply the preclusion law of the state that rendered the judgment. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 (5th Cir.2006). We review the preclusive effect of a prior judgment and a grant of summary judgment *de novo*. *Id.* We apply the familiar summary judgment standard. Fed. R.Civ.P. 56.

All Wade's claims with respect to the recovery of the Hummer and any purported overpayments are barred by res judicata. *See Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 907 (5th Cir.2011), *cert. denied,* — U.S. —, 132 S.Ct. 2103, — L.Ed.2d — (2012); *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Savs.*, 837 S.W.2d 627, 630–31 (Tex.1992). The parties are the same or in privity, there was a final judgment by a court of competent jurisdiction, and the two suits arise out of the same transaction, *i.e.,* the legal relationship between Wade and Bank of Amer-

ica. *See Weaver*, 660 F.3d at 907; *Barr*, 837 S.W.2d at 630–31. In addition, because the issues of Bank of America's entitlement to the Hummer and whether Wade owed money on it were raised in the prior proceeding, were rejected by the court, and were necessary to the judgment, they are also barred by the doctrine of collateral estoppel. *See Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 801 (Tex.1992).

Wade's assertion that the state court lacked subject matter jurisdiction, an element of res judicata, is without merit. *See* Tex. Gov't Code § 24.007(b). We likewise find no merit in Wade's contention regarding notice of the summary judgment motion in the state action. He raised this issue before the state court prior to the state court's grant of summary judgment. His claims of lack of service are barred. *See Elliot v. West*, No. 01–09–00425–CV, 2011 WL 1233434, at *1 (Tex.App.-Houston [1st Dist.] Mar. 31, 2011, no pet.) (mem.op.).

Wade has abandoned his civil rights conspiracy claims against all parties because he fails to address the district court's determination that he failed to come forward with any evidence in support of his claims and that his conclusional allegations were insufficient. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir.1993); *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir.1987). That determination was, in any event, correct. *See Lynch v. Cannatella*, 810 F.2d 1363, 1369–70 (5th Cir.1987). Thus, we need not reach Wade's argument that these claims are not barred by res judicata or collateral estoppel.

The judgment of the district court is AFFIRMED.