

# NUMBER 13-12-00048-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RONALD ROGERS, INDIVIDUALLY
AND AS EXECUTOR OF THE
ESTATE OF LOUIS ROGERS,                                    Appellant,

v.

TED L. WALKER,                                             Appellee.

## On appeal from the 1st District Court
## of Jasper County, Texas.

# DISSENTING MEMORANDUM OPINION

## Before Justices Garza, Perkes and Longoria
## Dissenting Memorandum Opinion by Justice Perkes

Because I believe the trial court properly granted summary judgment in favor of

Ted. L. Walker on res judicata grounds, I respectfully dissent to that portion of the majority

opinion holding the trial court erred in granting summary judgment with respect to the res

judicata defense.   I join the majority in the remaining holdings.

Rogers sued Gayle Creel and Ted. L. Walker for fraud, conspiracy to commit fraud, conspiracy to breach fiduciary duty, conversion, conspiracy to commit conversion, securing execution of a document by deception, breach of contract, and malpractice. The record reflects that Rogers recovered an earlier final judgment against Creel based on fraud and embezzlement.   Specifically, Rogers' claim against Creel in the first lawsuit involved fraud and embezzlement in a probate proceeding based on Rogers' allegation that Creel transferred all assets of the estate into his own name.

The second suit against Ted L. Walker asserted that "through a series of fraudulent and tortious actions by Creel and Ted L. Walker, Louise Rogers' estate funds were misappropriated, her house and land were repossessed and the estate is over $220,000 in debt."   The pleadings also asserted that Ted L. Walker assisted "Creel's tortious actions by conduct that itself was tortious . . . ."

Clearly, Rogers' second suit, based upon allegations of fraud, conspiracy and breach of fiduciary duty, arose out of the same subject matter as the first suit.   The first suit was for fraud and embezzlement in conjunction with handling the estate; the second urges conspiracy to commit fraud, among other claims, regarding the handling of the estate.

Texas uses the transactional approach to res judicata.   *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630 (Tex.1992).   Under this approach, res judicata precludes a second action by the parties and their privies, not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and

2

which might have been litigated in the first suit. *Jonalstem, Ltd. v. Corpus Christi Nat'l Bank*, 923 S.W.2d 701, 704 (Tex. App.—Corpus Christi 1996, writ denied). A determination of the subject matter of a suit requires an examination of the factual basis of the claim or claims in the prior litigation, without any regard to the form of the action. *Barr,* 837 S.W.2d at 630. Any cause which arises out of those same facts should, if practicable, be litigated in the same suit. *Id.*

A party may plead itself out of court by pleading facts that affirmatively negate its cause of action. *Trail Enters., Inc. v. City of Houston*, 957 S.W.2d 625, 632 (Tex. App.—Houston [14th Dist.] 1997, pet. denied). Here, Rogers' own pleadings claim that Ted L. Walker and Creel conspired with respect to the decedent's estate. The fraud and conspiracy to commit fraud claims are barred because they are causes of action which arose out of the same subject matter and could have been litigated in the first suit, but were not. *See Jonalstem*, 923 S.W.2d at 704. They were part of the same transaction. Summary judgment on res judicata grounds was proper.

The majority urges that there is no evidence that appellant alleged a conspiracy in the first suit. That is not the point. The case law requires only that the issue could have been litigated in the first suit. *Barr*, 837 S.W.2d at 630. Walker was not a party to the first suit, though he could have been made a party to it. In the second suit, Rogers pleaded that the parties were conspirators. Again, the fact that Walker did not independently prove that fact should not stand in the way of his res judicata defense for the simple reason that the alleged conspiracy is the basis for the second action. I do not believe that it would be either necessary or advisable for Walker to have pleaded or

3

admitted that he was involved in a conspiracy to defraud the estate as part of his summary judgment burden. Had he done so, I believe that he would put himself in a position contrary to his interest; he would be admitting his liability, certainly something he would not want to do. Rather, I believe it was enough for Walker to attach evidence, which on its face showed that Rogers was alleging that the parties were co-conspirators. Because they were alleged to be co-conspirators, it seems clear that Walker could have been joined in the prior suit. Thus, I would affirm the summary judgment based upon res judicata.

GREGORY T. PERKES
Justice

Delivered and filed the
23rd day of May, 2013.

4