# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00711-CV

**Dororthy N. Carter, Independent Executor of the Estate of Gertrude Emma Anna Haley, Deceased, Appellant**

**v.**

**Patsy J. Campbell, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 1 OF CALDWELL COUNTY
### NO. 9266, HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING

## O P I N I O N

Dororthy N. Carter, Independent Executor of the Estate of Gertrude Emma Anna Haley, Deceased, appeals the order of the trial court requiring that she file an account of the estate and permitting any heir to request a hearing on distribution of the estate. Carter contends that the trial court lacks probate jurisdiction because the heirs to Haley's estate signed a family settlement agreement ("the Agreement") that calls for distribution of the estate in a manner that departs from the terms of the will. Carter contends that the probate court should have dismissed Campbell's petition for accounting and distribution under Probate Code section 149A because signing the Agreement estopped Campbell from seeking remedies under the probate code. We will affirm the trial court's order.

BACKGROUND

Haley had three daughters—appellant Carter, appellee Campbell, and Marjorie A. Boller. When Haley became incapacitated, Boller was appointed her guardian, and Boller and Carter moved onto Haley's farm to help care for her. Haley died on August 8, 2006. Her last will called for distribution of her estate to her three daughters in unequal shares and appointed Carter as the independent executor. Carter applied for probate, and Campbell prepared to contest the terms of the will that gave her a smaller share of the estate.

According to the parties, minutes before the trial court took up the estate on its docket call on September 7, 2006, Haley's three daughters signed the Agreement that calls for the estate to be divided among them as equally as possible. The Agreement describes Carter as an heir and as the designated executor, and states that she is a party to the Agreement "on behalf of herself and the Estate, provided the Court names her Independent Executrix." After the parties signed the Agreement, the trial court appointed Carter the independent executor of Haley's estate. The Agreement was not filed with the probate court until 2011.

Carter filed an inventory of the estate, then disbursed the proceeds of Haley's financial instruments in equal shares of approximately $343,000. Carter did not sell or otherwise distribute Haley's farm because she said she hoped it would regain value after a real-estate slump. Some of Haley's personal property allegedly remains on the farm. Carter continued to live on the farm.

On May 31, 2011, Campbell filed her petition for accounting and distribution. At the hearing on the petition, Carter orally moved to dismiss the petition on the basis that the Agreement deprived the probate court of jurisdiction. The trial court declined to dismiss, ordered

the accounting, and instructed the heirs that—after the accounting was filed—they could seek a hearing on distribution of the estate under the terms of the Agreement. Carter filed an accounting and then filed this appeal.

**DISCUSSION**

Carter contends that the trial court had no probate jurisdiction because the Agreement supersedes the will. She argues that the Agreement estopped Campbell from seeking probate remedies and barred the county court from enforcing probate remedies. Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Absent the Agreement, the county court at law would clearly have jurisdiction over the petition for distribution. *See* Tex. Prob. Code § 149B. All probate proceedings must be filed in a court with original probate jurisdiction. *Id.* § 4A(a). The term "probate proceedings" includes matters related to an independent administration, a structure for administering estates that are governed by wills as well as estates of persons who die intestate. *See id.* §§ 3(bb), 145. The probate code concerns the independent administration of *estates*, not just the execution of wills. *See id.* § 145. The trial court's probate jurisdiction was invoked by the offer of the will into probate and Carter's application to be appointed executor. *See id.* § 76. Carter accepted the appointment as independent executor after signing the Agreement.[1] There are provisions for removal of independent executors, *id.* § 149, for judicial discharge of the independent executor, *id.* § 149E, and

_____

[1] Carter appears in this appeal as independent executor. She has not, in the record before us or on appeal, sought to invalidate her appointment or any actions she may have taken as independent executor.

3

for the closing of the independent administration, *id.* §§ 151-52. As there is no indication that any of these steps has been taken, the independent administration of Haley's estate remains open. There is no dispute that the Caldwell County Court at Law where the petition was filed is a statutory county court with original probate jurisdiction. *See* Tex. Gov't Code §§ 25.0003, 0301; Tex. Prob. Code § 4C. Unless the Agreement imposed some legal impediment—e.g., through some mootness theory—the trial court has jurisdiction over the petition.

The Agreement does not mention jurisdiction. A family settlement agreement is a preferred alternative method of administration of an estate in Texas. *Shepherd v. Ledford*, 962 S.W.2d 28, 32 (Tex. 1998); *In re Estate of Halbert*, 172 S.W.3d 194, 199-200 (Tex. App.—Texarkana 2005, pet. denied). Under section 37 of the Probate Code, when a person dies leaving a will, all of the estate devised or bequeathed by the will immediately vests in the devisees or legatees, subject to payment of the decedent's debts. Tex. Prob. Code § 37. The beneficiaries of an estate are free to arrange among themselves for the distribution of the estate and for the payment of expenses from that estate. *Shepherd*, 962 S.W.2d at 32. To be valid, a family settlement agreement must alter the decedent's distribution plan and must establish a substitute plan. *Halbert*, 172 S.W.3d at 199-201. The Agreement herein has a few key provisions:

> [A.] 1. Dorothy N. Carter is named the Independent Executrix of the Estate of Gertrude Emma Anna Haley, now before the Caldwell County Court at Law for admission. She is a daughter of decedent and an heir under said Last Will and Testament. She is a party hereto in behalf of herself and the Estate, provided the Court names her Independent Executrix.
>
> . . . .
>
> [C] the heirs are willing to pool their inheritances and divide it as equally as possible among them in one-third shares.

4

. . . .

[E.]  1.  The intent of the parties hereto is that each person or entity executing this Settlement Agreement shall, by reason of such execution, be entirely free of any and all actual or potential claims, suits, demands, causes of action, charges or grievances of any kind or character, regardless of the nature or extent of the same.

2.  Each of the parties hereto hereby fully and finally RELEASES, ACQUITS, AND FOREVER DISCHARGES each and every other party and further covenants not to assert in any manner against any of such persons or entities released hereby, any and all actual or potential claims held by any one against any other of the parties, and/or any suits, demands, causes of action, charges or grievances of any kind or character whatsoever, heretofore or hereafter accruing for or because of any matter done, omitted or suffered to be done by any such party hereto prior to and including the date hereof.

The Agreement acknowledges that Carter was named the executor of the estate and anticipates that a court would in the future consider whether to approve that appointment.  It alters the will's distribution plan and substitutes the heirs' plan.  It mutually releases all parties from claims and demands based on acts or omissions occurring prior to or on the date of the Agreement—but it does not release claims or demands based on acts or omissions occurring after the date of the Agreement. Neither the Agreement nor the probate code expressly states that the Agreement or any family settlement agreement deprives the county court at law of its probate jurisdiction.

The Agreement did not strip the probate system of jurisdiction or absolve Carter of her duties as independent executor of Haley's estate.  While the sisters agreed to change the amounts they received from the estate, waived many potential claims against each other, and acknowledged Carter's appointment as independent executor, they did not in the Agreement address the duties of the executor or the jurisdiction of the court.  We have reviewed the record and the many cases cited by the parties and find none squarely on point.  We are persuaded, however, that the mere existence

5

of a family settlement agreement does not automatically take an estate entirely outside of probate court jurisdiction. *See, e.g.*, *Halbert*, 172 S.W.3d at 200 (family settlement doctrine can apply when parties choose to probate one of several wills).

Carter's arguments that the probate court lacks the power to permit a distribution hearing fail. The Agreement did not preclude the independent administration of the estate either explicitly or practically. The trial court appointed Carter the independent executor after the sisters signed the Agreement. She remains the executor and the estate remains pending with some property undistributed. As an heir to the estate and a named recipient of its property under the Agreement, Campbell is an interested party to the probate of the estate and can seek distribution of property in an estate pending independent administration for more than two years. *See* Tex. Prob. Code §§ 10, 149B. The administration had been open for five years at the time of the order. The probate court has jurisdiction because Campbell's petition relates to an estate being administered. *See* Tex. Gov't Code §§ 25.0003, .0301; Tex. Prob. Code §§ 3(bb), 4A, 4C & 145. Campbell is not collaterally estopped by the Agreement from seeking the distribution because she does not seek to relitigate any issue actually litigated and essential to a final judgment in a prior suit. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992) (defining collateral estoppel). Instead, she seeks to have the terms of the Agreement effectuated through the probate process Carter triggered. Section 94 of the probate code—providing that no will is effectual until probated—is no bar to the petition because that section relates to probate of a will, while Campbell's petition does not seek distribution under any will. *See* Tex. Prob. Code § 94. In her reply brief, Carter contends that the Agreement precluded an assertion that this is an independent administration, but that contention does not square with the absence of any such language in the Agreement, which is largely silent as to any mechanism for

the distribution of the property in equal parts. The parties' intent to use independent administration is supported by the Agreement's mention of the impending appointment of Carter as independent executor, Carter's acceptance of the appointment as independent executor of the estate minutes after signing the Agreement, and her current appearance in this appeal as the independent executor of Haley's estate. The Agreement altered the proportionate distribution of the estate's property but did not supersede or preclude the independent administration of the estate.

We conclude that the trial court had the power under the facts of this case and the law to exercise probate jurisdiction, order an accounting, and instruct the parties that—after the accounting was filed—they could request a hearing concerning distribution of the estate. This opinion should not, however, be construed as commenting on any party's current entitlement to a distribution on remand.

## CONCLUSION

We affirm the trial court's order.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: March 6, 2014

7