

# NUMBER 13-12-00452-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TEXAS ASSOCIATION OF
WOMEN'S CLUBS,                                                             Appellant,

v.

HOWARD CONSTRUCTION CO.,                                          Appellee.

## On appeal from the 348th District Court
## Of Tarrant County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria**
**Memorandum Opinion by Chief Justice Valdez**

Appellant, Texas Association of Women's Clubs (TAWC), challenges the trial court's take-nothing judgment, which was based on the jury's finding that Howard Construction Co. (Howard) did not breach a contract with TAWC. By one issue, appellant

contends that the trial court erred by submitting a question to the jury on an issue that was barred by the doctrines of collateral estoppel and res judicata. We affirm.

## I.    BACKGROUND[1]

Howard and TAWC entered into a contract through which Howard was to perform construction services on a property owned by TAWC. Howard filed suit against TAWC asserting breach of contract and other related claims. TAWC filed a counterclaim asserting, among other related claims, that Howard had breached the same contract. TAWC filed a dual traditional and no-evidence motion for summary judgment regarding Howard's claims as a plaintiff. In its traditional motion for summary judgment, TAWC asserted the affirmative defense that it could not be liable for any breach of contract because Howard had breached the contract first. The trial court granted the dual motion for summary judgment "in all things."[2] In the order, the trial court severed TAWC's claims as a counter-plaintiff against Howard. By docket sheet entry, the trial court realigned the parties, listing TAWC as the plaintiff and Howard as the defendant, and the case proceeded to a trial by jury on TAWC's breach of contract claim against Howard.

In its pleadings, TAWC asserted, inter alia, that Howard was barred from relitigating the issue that Howard breached the contract by collateral estoppel and res judicata because the issue had already been determined as a matter of law when the trial

---

[1] This case is before this Court on transfer from the Second Court of Appeals in Fort Worth pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] The trial court issued an initial order granting the motion for summary judgment but then issued a second order granting the motion for summary judgment and vacating the previous order. The second order indicates that Howard "was appearing pro se by both regular and certified mail . . . ." The judgment also found that Howard "has filed no response, and there is no genuine issue of material fact and as a matter of law that Defendant [TAWC's] Traditional and No Evidence Motion for Summary Judgment should in all things be granted." In its appellate brief, Howard explains that it was pro se at the time because, as is revealed by the docket sheet, the trial court had granted motions to withdraw filed by two of Howard's attorneys.

2

court granted the traditional motion for summary judgment previously filed by TAWC as a defendant. Further, TAWC objected to the submission to the jury of proposed "Question No. 1," which asked whether Howard had breached the contract. In its objection, TAWC restated its argument from its pleadings that Howard was barred by collateral estoppel and res judicata from relitigating the issue of Howard's breach. The trial court overruled the objection. The jury answered "no" to "Question No. 1" and found no liability on the part of Howard. TAWC filed a motion for judgment notwithstanding the verdict, again raising its collateral estoppel and res judicata arguments. The trial court overruled the motion and entered a take-nothing judgment against TAWC. This appeal followed.

## II.    OFFENSIVE COLLATERAL ESTOPPEL/RES JUDICATA

TAWC argues that the trial court "erred in submitting Question No. 1 to the jury and should have directed a verdict regarding breach of contract in favor of TAWC based on res judicata and collateral estoppel because Howard's breach of contract had already been established as a matter of law" when the trial court granted its summary judgment on Howard's original breach of contract claim as a plaintiff against TAWC as a defendant. Notably, while TAWC appears to assert a jury charge argument, it provides no law regarding trial court error in submitting improper jury questions. Moreover, while TAWC contends that the "trial court should have directed a verdict regarding breach of contract," there is no evidence in the appellate record that TAWC ever moved for a directed verdict; instead, it only asserted its collateral estoppel and res judicata claims in its pleadings and motion for judgment notwithstanding the verdict. Regardless, we construe TAWC's claim as one challenging the trial court's failure to make a finding that Howard was barred by res judicata and collateral estoppel from arguing that it did not breach the contract

because the issue had already been decided as a matter of law. We assume, without deciding, that this issue was properly preserved and raised.

TAWC argues that as part of the motion for summary judgment, it asserted an affirmative defense that Howard had breached the contract first. It contends that by granting the motion for summary judgment "in all things," the trial court made a determination as a matter of law that Howard had breached the contract and the issue of Howard's breach cannot be relitigated. We disagree.

**A. Collateral Estoppel**

In seeking to invoke the doctrine of collateral estoppel, a party must establish three elements: (1) the facts sought to be litigated in the second action were fully and fairly litigated, (2) those facts were essential to the judgment in the prior action, and (3) the issue is identical to an issue in the prior action. *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001). When collateral estoppel is being used offensively, as it is here, the plaintiff uses the doctrine to estop a defendant from relitigating an issue that the defendant litigated and lost in prior litigation. *Yarbrough's Dirt Pit, Inc. v. Turner*, 65 S.W.3d 210, 216 (Tex. App.—Beaumont 2001, no pet.).

A trial court has broad discretion in determining whether to allow a plaintiff to use collateral estoppel offensively. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979); *see also Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 7 (Tex. 1986) (citing *Parklane Hosiery* with approval); *Goldstein v. Comm'n for Lawyer Discipline*, 109 S.W.3d 810, 812–13 (Tex. App.—Dallas 2003, pet. denied). A trial court abuses its discretion only when its action is arbitrary and unreasonable, without reference to guiding rules or principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

In determining whether to apply collateral estoppel offensively, the trial court must consider the *Parklane Hosiery* factors. *See Parklane Hosiery Co.*, 439 U.S. at 329–30; *Yarbrough's Dirt Pit*, 65 S.W.3d at 216. The first factor is whether application of the doctrine will tend to increase litigation by allowing a plaintiff to "wait and see" before filing suit instead of joining in the prior litigation. *See Parklane Hosiery*, 439 U.S. at 329–330; *see also Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 858 (Tex. App.—San Antonio 1997, pet. denied). Second, the trial court must determine whether the offensive use of collateral estoppel is unfair under the circumstances of the particular case. *See Parklane Hosiery*, 439 U.S. at 330. Under this factor, we consider the defendant's incentive in the first action to vigorously defend the suit, the foreseeability of future suits, and the availability of procedural safeguards in the second suit that were not available in the first suit. *See id.*; *see also Goldstein*, 109 S.W.3d at 812–13.

Our analysis of the second *Parklane Factor* is dispositive of our decision on TAWC's collateral estoppel issue. In the present case, TAWC, as a defendant, moved for summary judgment against Howard as a plaintiff. While, in its motion, TAWC argued that it had established as a matter of law that Howard had breached the contract first, it did not file any motion or seek any finding that Howard was liable for breach of contract as a defendant. Moreover, the record reveals that Howard did not file a response to TAWC's motion for summary judgment, and was not represented by counsel at the time it was filed and granted. While Howard risked losing its case as a plaintiff by failing to respond to the motion for summary judgment, it was not faced with losing its case as defendant in a suit for damages because there was no motion filed seeking to establish TAWC's claims as a plaintiff. Howard therefore did not have the same "incentive in the

5

first action to vigorously defend the suit" at summary judgment as a plaintiff as it did in TAWC's suit against it as a defendant. *See Parklane Hosiery*, 439 U.S. at 330; *see also Goldstein v. Comm'n for Lawyer Discipline*, 109 S.W.3d at 812–13.

As the *Parklane Hosiery* court specifically reasoned, "If a defendant in the first action sued for small or nominal damages, he may have little incentive to defend vigorously, particularly if the future suits are not foreseeable." *See Parklane Hosiery*, 439 U.S. at 330. Here, Howard was never threatened to be subject to damages by TAWC's motion for summary judgment against it as a plaintiff. In its brief, TAWC argues that "Howard had every motivation to vigorously defend the summary judgment: the counterclaim against Howard was not only foreseeable, it was *already in existence* at the time of the first proceeding." (emphasis included in original). However, as noted previously, the summary judgment only related to Howard as a defendant and did not seek to resolve its potential liability in a suit for damages brought against it as a defendant.

Moreover, importantly, the *Parklane Hosiery* factors address a party's motivation in a suit for damages as a defendant in the previous suit. TAWC cites no law, and we find none, determining that a party has the same motivation, as a plaintiff, to respond to an affirmative defense as it does as a defendant in a suit for damages. Moreover, TAWC cites no cases, and we find none, requiring a court to apply offensive collateral estoppel based on a trial court's granting of motion for summary judgment based on an affirmative defense in previous lawsuit. Accordingly, we find the trial court did not abuse its broad discretion in failing to apply the doctrine of offensive collateral estoppel. *See Parklane Hosiery*, 439 U.S. at 331*; see also Smithwick*, 724 S.W.2d at 7; *Goldstein*, 109 S.W.3d at 812–13.

6

## B. Res Judicata

Res judicata prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as matters that, with the use of diligence, should have been litigated in the prior suit. *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992). To be entitled to res judicata, the moving party must establish: (1) a prior final judgment on the merits was rendered by a court of competent jurisdiction; (2) the parties are identical or in privity; (3) the pending action is based on the same claims that were raised or could have been raised in the previous action. *Id.*

TAWC cites no law indicating that a plaintiff can assert res judicata based on a trial court's granting of motion for summary judgment in favor of it as a defendant in a previous lawsuit. TAWC cites one memorandum opinion, *Koval v. Henry Kirkland Contractors, Inc.*, No. 01-06-00067-CV, 2008 WL 458295, at *5 (Tex. App.—Houston [1st Dist.] Feb. 15, 2008, no pet.) (mem. op.), out of the First District Court of Appeals, affirming a judgment that applied res judicata offensively in a suit by a plaintiff.[3] However, in *Koval*, the plaintiff was the same in both the pending and previous cause action. *Id.* Accordingly, in *Koval*, the court determined that the claim in the previous case was the same as the claim in the pending case.[4] *Id.* Here, because the previous summary judgment did not

---

[3] Because we find that the reasoning does not apply to the present case, we neither adopt nor decline to adopt the *Koval* court's reasoning regarding offensive res judicata.

[4] Moreover, we note that the *Koval* court did not base its decision on any prior case law applying res judicata offensively, but instead reasoned that "just as collateral estoppel may be used offensively, so might res judicata apply to stop a defendant from relitigating a claim previously litigated." *Id.* (citations omitted). Therefore, were we to find that offensive res judicata applied to the current circumstances, we conclude that we would still need to apply the *Parklane Hosiery* factors to determine if the application is fair in these circumstances, as we do when determining if offensive collateral applies to a case. *See Parklane Hosiery Co.*, 439 U.S. at 331; *see also Smithwick*, 724 S.W.2d at 7; *Goldstein*, 109 S.W.3d at 812–13. Accordingly, we would overrule TAWC's argument regarding res judicata on the alternative basis that, as we have already determined, Howard did not have the same "incentive in the first action to vigorously defend the suit" at summary judgment as a plaintiff as it did in TAWC's suit against it as a defendant. *See*

finally adjudicate a breach of contract cause of action brought by TAWC as a plaintiff against Howard as a defendant, we conclude that the claims in the pending cause of action were not finally adjudicated, nor should they have been finally adjudicated, in the previous summary judgment. *See Barr*, 837 S.W.2d at 628. In other words, contrary to TAWC's argument, the affirmative defense that TAWC asserted at summary judgment is not the same claim or cause of action as the breach of contract cause of action it asserted as a plaintiff. Accordingly, the trial court did not err by failing to apply res judicata offensively. *See id.*

We overrule TAWC's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

*/s/ Rogelio Valdez*
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
29th day of May, 2014.

---

*Parklane Hosiery Co.*, 439 U.S. at 331; *see also Smithwick*, 724 S.W.2d at 7; *Goldstein*, 109 S.W.3d at 812–13.

8