# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10106
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 22, 2019

Lyle W. Cayce
Clerk

JAMES E. STEVENS; PATRICIA M. STEVENS,,

Plaintiffs-Appellants

v.

NATIONSTAR MORTGAGE, L.L.C.; WELLS FARGO BANK, N.A., as Trustee for the Certificateholders of Bank of America Mortgage 2006-1 Trust Mortgage Pass-Through Certificates, Series 2006-1,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-451

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.
PER CURIAM:[*]

James E. and Patricia M. Stevens appeal the dismissal of their lawsuit seeking to quiet title to their home in Westlake, Texas. They alleged that the foreclosure of their home violated a statute of limitations, that the defendants violated the Fair Debt Collection Practices Act, and that Nationstar and Wells Fargo Bank had no standing to foreclose on the property. The Stevenses

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10106

requested declaratory and injunctive relief, as well as damages.  The district court dismissed the matter under Federal Rule of Civil Procedure 12(c) as barred by res judicata.

Our review is de novo.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).  Dismissal on the pleadings is appropriate if the res judicata bar is apparent on the face of the pleadings.  *See Test Masters*, 428 F.3d at 570 n.2; *Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994).  Because the district court found the Texas state court judgment in a prior lawsuit to have preclusive effect, we apply the preclusion law of Texas.  *See In re Pirani*, 824 F.3d 483, 491 (5th Cir. 2016).

Although the Stevenses argue that an individualized concept of res judicata should apply based on *Moore v. Snowball*, 81 S.W. 5, 8-10 (Tex. 1904), the Texas courts have rejected such an approach in favor of a transactional test, *see Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 629-31 (Tex. 1992).  The Stevenses additionally argue that their claims arose only in 2017 when they received new notices of acceleration and a substitute trustee sale, and thus could not have been raised in the earlier lawsuit.  However, their claims rest on the alleged expiration of a statute of limitations, which they assert began to run with the first notice of default and intent to accelerate the loan in March 2010.  As the district court determined, the March 2010 notice of default and intent to accelerate, the note and deed of trust which preceded it, and the notices of default and acceleration which followed it, all formed part of a single legal relationship between the parties as to the Westlake property.  *See Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 907 (5th Cir. 2011); *Barr*, 837 S.W.2d at 630.  Therefore, res judicata bars the Stevenses' claims.  *See Weaver*, 660 F.3d at 907.

No. 18-10106

The Stevenses' appeal is without arguable merit. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, it is DISMISSED AS FRIVOLOUS. *See* 5TH CIR. R. 42.2.

The Stevenses are WARNED that future frivolous, repetitive, or otherwise abusive filings in this court or in any court subject to this court's jurisdiction will result in the imposition of progressively severe sanctions, which may include monetary penalties and restrictions on their ability to file pleadings and other documents in this court and in any court subject to this court's jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988). The Stevenses should review any pending appeals and actions and move to dismiss any that are frivolous. Their failure to do so will result in the imposition of sanctions. This warning supplements and does not displace the sanctions orders of the district court.