

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-17-00389-CV
_____

KELLIE D. RIDER AND SAMUEL RIDER, APPELLANTS

V.

21ST MORTGAGE CORPORATION,
A DELAWARE CORPORATION, APPELLEE

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-283591-16; Honorable R.H. Wallace, Jr., Presiding

June 20, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellants, Kellie D. Rider and Samuel Rider, seek to appeal the *Final Summary Judgment Against Kellie D. Rider and Samuel Rider,* entered June 15, 2017, in favor of Appellee, 21st Mortgage Corporation, in their suit seeking to enjoin 21st Mortgage from "engaging in, continuing with or commencing any eviction, foreclosure or mortgage collection activities in the State of Texas . . . ." The Riders also seek compensation for

damages sustained as the result of "improper debt collection, loan servicing, and foreclosure activities" related to property located at 301 Singing Quail Trail, Haslet, Texas. By their first issue presented in seven sub-issues, the Riders contend that "Samuel Rider should have been permitted to Intervene." By their second and third issues, the Riders contend that Samuel's claims were not barred by *res judicata* and collateral estoppel. Their fourth issue contends that 21st Mortgage was not entitled to a summary judgment based on a lack of ripeness or an assertion that Samuel's claims were moot. Their fifth issue, presented in two sub-issues, contends that Kellie's claims were not barred by *res judicata* and collateral estoppel, and their sixth and final issue contends the trial court abused its discretion by sustaining 21st Mortgage's objection to their "declarations" presented in support of their summary judgment response. We affirm.[1]

### BACKGROUND

The controversy between the parties to this proceeding has a long and tortured history. It has been litigated in five separate lawsuits, including one appealed to the Second Court of Appeals in Fort Worth. The genesis of this controversy began in 2002 when Kellie D. Rider and Samuel Rider signed a deed of trust to secure a promissory note used to purchase residential property in Haslet, Tarrant County, Texas. Beginning in 2004, the Riders fell upon difficult economic times and they began having problems keeping their mortgage loan fully serviced. They attempted to work with various mortgage servicing entities; however, they experienced difficulties and were unable to work out a

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Second Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

permanent restructuring of their loan. In 2007, the mortgage lender began foreclosure proceedings. That foreclosure was averted when the Riders were able to work out a loan modification in July 2008. The Riders' financial difficulties continued and in April 2009, they received notice of the mortgage lender's intent to accelerate the promissory note and foreclose the deed of trust lien. At that time, Kellie filed for bankruptcy and the foreclosure was stopped.

The Riders continued to struggle financially and in June 2014, 21st Mortgage—the current assignee of the loan—filed a declaratory judgment action against Kellie, Samuel, and others in Cause Number 096-272625-14, in the 96th District Court seeking enforcement of its foreclosure rights under the loan agreement ("21st Mortgage's suit"). In December 2014, Kellie and Samuel were divorced and as a part of the property division in that divorce, Kellie was awarded the Haslet property. In the decree, the divorce court specifically ordered that Samuel was "divested of (loses) all right, title, interest and claim in and to that property." Furthermore, the decree provided that it was "a muniment of title to transfer ownership of all property awarded to any party."

On March 27, 2015, the trial court in 21st Mortgage's suit rendered final judgment in favor of 21st Mortgage, concluding that it had a valid lien against the Haslet property and authorizing it to conduct a nonjudicial foreclosure sale. Because Samuel was no longer an owner of the property, at 21st Mortgage's request, the trial court dismissed its claims against Samuel without prejudice. No party appealed the judgment in 21st Mortgage's suit.

Subsequent thereto, Kellie attempted to stop the foreclosure sale by filing two suits in two separate trial courts—Cause Number 342-283081-16, filed in the 342nd District Court and the underlying suit, Cause Number 096-283591-16, filed in the 96th District Court—against 21st Mortgage and other financial entities involved in servicing the loan agreement ("Kellie #1" and "Kellie #2," respectively). Notwithstanding the pending litigation, the foreclosure sale took place on February 2, 2016, and BOS Home was the successful bidder. BOS Home subsequently filed a forcible-entry-and-detainer action (the "BOS Home suit"), seeking to evict all occupants of the Haslet property. As a result of that litigation, BOS Home obtained a writ of possession. In response, Kellie filed her third suit, Cause Number 348-286331-16, in the 348th District Court ("Kellie #3") against 21st Mortgage and BOS Home seeking to stop execution of the writ of possession and raising various wrongful foreclosure claims. Samuel intervened in Kellie #2 and Kellie #3 based on his alleged status as a "named mortgagee," "an owner," and a "fractional owner." Samuel and the daughter of Kellie and Samuel also filed bankruptcy actions in an attempt to avoid the effect of the judgment in 21st Mortgage's suit and the BOS Home suit seeking to enforce its writ of possession. During this series of events, the bankruptcy courts dismissed each of those petitions.

On January 24, 2017, in Kellie #1, the trial court dismissed Kellie's claims based on *res judicata* and collateral estoppel as it related to claims that were or could have been asserted in the 21st Mortgage litigation. The trial court further imposed sanctions against Kellie because her claims were brought in bad faith. Kellie did not appeal that judgment.

On April 7, 2017, in Kellie #2, the trial court entered its *Interlocutory Summary Judgment* finding that all of the claims and allegations brought by her in that proceeding

4

were barred by *res judicata* and collateral estoppel and dismissing her claims with prejudice. Because Samuel had intervened in Kellie #2, a similar interlocutory summary judgment was entered against him on June 15, 2017. That judgment found that, in addition to being barred by *res judicata* and collateral estoppel, Samuel's claims were being dismissed for lack of standing, no justiciable interest, mootness, and a lack of ripeness. A *Final Summary Judgment Against Kellie D. Rider and Samuel Rider*, incorporating the two interlocutory judgments, was also entered on June 15, 2017, dismissing Kellie's and Samuel's claims with prejudice. It is this judgment that is the basis of this appeal.

In Kellie #3, in separate motions, both 21st Mortgage and BOS Home moved for summary judgment on Kellie's claims against them. They also sought a traditional summary judgment on Samuel's claims in intervention based on several grounds, including their contention that the trial court lacked subject matter jurisdiction over his claims because he had no standing, nor did he have a justiciable interest in the Haslet property. Samuel responded to the motions and asserted that he had standing and a justiciable interest because he and Kellie "subsequently reconciled [and] entered into an informal marriage, and Samuel moved back into the Property." In support of this allegation, he attached his unsworn declaration in which he declared under penalty of perjury that he and Kellie reconciled on May 1, 2015—after the trial court's final judgment in the 21st Mortgage suit—and that he "claimed the Property as [his] homestead" based on his and Kellie's belief they were "informally married." *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001 (West 2019) (setting out requirements for unsworn declaration to be used in lieu of sworn statement). Kellie's declaration, which was also attached to

5

Samuel's response, merely averred that each statement in Samuel's declaration was "true and correct and within my personal knowledge." Samuel additionally responded that the divorce decree did not "divest [him] of his obligation under the Note and Deed of Trust"; therefore, his interest in the property "persisted" even after the decree. In support, Samuel pointed to a tax form he received from 21st Mortgage that informed him to report as income the debt cancellation on the Haslet property. On that form, 21st Mortgage had checked that Samuel was "personally liable for repayment of the debt."

In Kellie #3, the trial court granted both summary judgment motions, specifying that it did not have subject matter jurisdiction based on Samuel's lack of "standing or a justiciable interest to bring the claims in question." Kellie and Samuel filed a motion for new trial, which was overruled by operation of law. See TEX. R. CIV. P. 329b(c).

Kellie and Samuel both gave notice to the Second Court of Appeals of their intent to appeal the trial court's summary judgment orders in Kellie #3. A brief was filed raising issues applicable to Samuel only and asserting that he was the only party who filed a notice of appeal. The Second Court of Appeals then notified the parties that Kellie's appeal would be dismissed based on her failure to file a brief unless Kellie provided a reasonable explanation for the failure to do so. Kellie did not respond to that notice and her appeal was dismissed for want of prosecution. See *Rider v. 21st Mortgage Corp. and BOS Home, LLC*, No. 02-17-00354-CV, 2018 Tex. App. Lexis 3919, at *6 (Tex. App.— Fort Worth May 31, 2018, no pet.) (mem. op.). Because Samuel failed to raise a genuine issue of material fact regarding his standing to challenge the foreclosure and the execution of the writ of possession as to the Haslet property, the Second Court of Appeals found that 21st Mortgage and BOS Home were entitled to summary judgment on his

6

intervention claims based on the foreclosure and sale of the Haslet property. Accordingly, they affirmed the trial court's summary judgment order dismissing his claims. *Id.*

## STANDARD OF REVIEW

The propriety of a summary judgment is a question of law that we review *de novo.* *See* TEX. R. CIV. P. 166a(c); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The applicable standards of review for a summary judgment are as follows:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

Here, the motions for summary judgment filed by 21st Mortgage each present multiple grounds upon which 21st Mortgage contends the trial court could have (and did) grant summary judgment against Kellie and Samuel. When a party presents multiple grounds for summary judgment and the judgment does not specify a particular ground on which the trial court rendered summary judgment, the appellant must negate all grounds on appeal. *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993). Similarly, where, as here, the trial court specifies multiple grounds upon which it is rendering summary judgment, the appellant must negate each ground on appeal. Stated

7

conversely, where a trial court grants summary judgment based upon multiple grounds, that judgment should be affirmed if it is supportable on any ground.

### ANALYSIS

For purposes of simplicity, we will first address issues two, three, and five pertaining to *res judicata* and collateral estoppel. Here, the trial court stated in its interlocutory judgment as to Kellie that all of her claims were "barred by the doctrine of res judicata (claim preclusion) and/or collateral estoppel (issue preclusion) and should be dismissed with prejudice." Similarly, the trial court stated in its interlocutory judgment as to Samuel that all of his claims "should be dismissed with prejudice for lack of standing/no justiciable interest, mootness, lack of ripeness, and/or were and are barred by the doctrines of res judicata (claim preclusion) and/or collateral estoppel (issue preclusion)."

*Res judicata* precludes the relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). It requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *See Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771-72 (Tex. 1979). The scope of *res judicata* is not limited to matters actually litigated, but also extends to causes of action or defenses which "arise out of the same subject matter and which might have been litigated in the first suit." *Id.* at 772.

8

A judgment on the merits was previously entered in favor of 21st Mortgage against Kellie in 21st Mortgage's suit (Cause Number 096-272625-14). No appeal was taken from that judgment and it is final. All of the claims in the present controversy stem from the same facts and transactions that were the subject of that prior litigation and they were or could have been adjudicated in that suit. Because no appeal was taken from that judgment, it has become final and it is not subject to collateral attack. As such, the judgment entered in the 21st Mortgage suit is a complete bar to all of the claims being asserted by Kellie and Samuel in the underlying suit.

Samuel contends that *res judicata* is not applicable to him and that his claims are not barred in this proceeding because he was dismissed from 21st Mortgage's suit prior to the entry of a final judgment. Therefore, the question being raised by Samuel is whether he was a party *in privity* with Kellie, such that his claims are barred along with her claims. In that regard, no one disputes the fact that Kellie and Samuel were jointly and severally liable on the promissory note secured by the deed of trust that was foreclosed by 21st Mortgage. Furthermore, in Kellie #2 and Kellie #3, Samuel has intervened asserting that he has a justiciable interest in that litigation by virtue of the fact that he is or was an obligor under the promissory note, and because of his remarriage to Kellie, he has a homestead interest in the Haslet property. Samuel's claims are virtually identical to Kellie's claims and are sufficient to find him in privity with Kellie. Because Samuel was in privity with Kellie, his claims are likewise barred, and he has no right to

attempt to relitigate the final, non-appealed judgments entered in the 21st Mortgage suit or Kellie #1.[2]

Since *res judicata* bars all claims and causes of action asserted by Kellie and Samuel as it relates to the matter in controversy, issues two, three, and five are overruled. Furthermore, since the trial court's judgment is sustainable on this theory alone, it is not necessary that we reach the merits of issues one, four, and six. *See* TEX. R. APP. P. 47.1.

### CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

---

[2] While the same argument would apply to Kellie #3, that issue has been rendered moot by our sister court's decision in *Rider v. 21st Mortgage and BOS Home, LLC*, 2018 Tex. App. Lexis 3919, at *6.