

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00001-CV

———————————————

DAVID BAGWELL AND SUSAN BAGWELL, Appellants

V.

BROUGHTON MAINTENANCE ASSOCIATION, INC.; OLD GROVE
MAINTENANCE ASSOCIATION, INC.; AND WHITTIER HEIGHTS HOME
OWNERS ASSOCIATION, INC., Appellees

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-328128-21

Before Kerr, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

**MEMORANDUM OPINION**

This is the second time the parties to this case have appeared before this court on this dispute. The first version, *Bagwell 1*, can be found at *Sister Initiative, LLC v. Broughton Maintenance Association, Inc. (Bagwell 1)*, No. 02-19-00102-CV, 2020 WL 726785, at *1, *2 (Tex. App.—Fort Worth Feb. 13, 2020, pet. denied) (mem. op.). Appellees were the prevailing parties in *Bagwell 1*. After *Bagwell 1* was concluded, Appellants David and Susan Bagwell (the Bagwells) filed this suit, *Bagwell 2*, in another court seeking indemnity for damages and expenses arising from *Bagwell 1*. Appellees filed a combined traditional and no-evidence motion for summary judgment. The trial court granted the motion without specifying the basis of its ruling and rendered judgment that the Bagwells take nothing. We will affirm the trial court's judgment.

## I. Background

### A. *Bagwell 1*

The plaintiffs in the first case were The Stonegate Financial Corporation; Randy Vest; and Sister Initiative, LLC, which was determined by the trial court to be under the control of the Bagwells. The defendants were Appellees herein, who made third-party claims against the Bagwells. The judgment and findings of fact by the trial court were reviewed in *Bagwell 1* and were attached as an appendix to that opinion and provided the details of the matters at issue in that case. Suffice it to say that the business transactions, relationships, and contractual engagements of the Bagwells and

2

Appellees herein involve the same contractual engagements in both cases except that the Bagwells did not assert indemnity claims against Appellees in *Bagwell 1*. We affirmed the trial court's judgment in *Bagwell 1*, the Texas Supreme Court declined to hear the Bagwells' petition for review, and our mandate issued thereafter.

B. *Bagwell 2*

The Bagwells sued Appellees in *Bagwell 2* solely under a breach-of-contract theory. The Bagwells alleged that they were former directors and officers of Appellees; that Appellees had joined the Bagwells as third-party defendants in *Bagwell 1* wherein Appellees alleged claims of breach of fiduciary duty, civil conspiracy, aiding and abetting, and fraud related to the Bagwells' actions and decisions as directors; that the Bagwells had incurred attorney's fees and expenses in defending the third-party claims in *Bagwell 1*, and that Appellees had refused to indemnify the Bagwells for those attorney's fees and expenses as allowed by the governing documents of the associations. The Bagwells also sought recovery of attorney's fees for breach of contract under Texas Civil Practices and Remedies Code Chapter 38. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 38.001–.006. Prior to trial, the Bagwells did not amend their petition and did not seek recovery of attorney's fees and expenses under Texas Business Organizations Code Section 8.052.[1] *See* Tex. Bus. Orgs. Code Ann. § 8.052. Appellees raised several defenses in their answers, including res judicata.

---

[1]Although the Bagwells contend that the trial court erred by not considering their claim for recovery of attorney's fees and expenses under Texas Business

3

Appellees filed a combined traditional and no-evidence motion for summary judgment. The basis of Appellees' traditional summary-judgment motion was that the Bagwells' indemnity claims were barred under the doctrine of res judicata. Appellees contended that the Bagwells and Appellees were adverse parties in *Bagwell 1*; that in *Bagwell 1* the parties entered into a Rule 11 Agreement in which they agreed to waive their rights to a jury trial and to submit all triable fact issues to the trial court for a determination on the merits; and that after a four-week bench trial conducted in compliance with the parties' Rule 11 agreement, the trial court rendered judgment against the Bagwells. Appellees contended that under the doctrine of res judicata, the Bagwells were barred from asserting their indemnity claims in *Bagwell 2* because they had not asserted them in *Bagwell 1*. The trial court granted the motion for summary judgment and then rendered judgment that the Bagwells take nothing after Appellees nonsuited their remaining claims against the Bagwells. This appeal ensued.

---

Organization Code Section 8.052, this claim was not part of their pleadings prior to trial. Because the Bagwells pleaded a specific ground for recovery of attorney's fees, they were not entitled to recover them on another unpleaded ground. *See Spicer v. Maxus Healthcare Partners, LLC*, 616 S.W.3d 59, 128 (Tex. App.—Fort Worth 2020, no pet.); *Jones v. Frank Kent Motor Co.*, No. 02-14-00216-CV, 2015 WL 4965798, at *4 (Tex. App.—Fort Worth Aug. 20, 2015, no pet.) (mem. op.). In their third issue, the Bagwells complain of the trial court's failure to consider their alleged claims for sanctions under Texas Civil Practice and Remedies Code Section 10.001. The Bagwells failed to adequately brief this point, thereby waiving any appellate error. *See Hornbuckle v. Cadillac*, No. 02-15-00267-CV, 2016 WL 3157569, at *2 (Tex. App.—Fort Worth June 2, 2016, no pet.) (per curiam) (mem. op.); *see also Shetty v. Arconic, Inc.*, No. 01-19-00158-CV, 2020 WL 2026371, at *2 (Tex. App.—Houston [1st Dist.] Apr. 28, 2020, no pet.) (mem. op.).

## II. Standards of Review

We review summary judgments de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Hobson v. Francis*, No. 02-18-00180-CV, 2019 WL 2635562, at *4 (Tex. App.—Fort Worth June 27, 2019, no pet.) (mem. op.). Generally, we consider the no-evidence grounds first. *Lightning Oil Co. v. Anadarko E&P Onshore, LLC,* 520 S.W.3d 39, 45 (Tex. 2017). However, "if the movant in a traditional motion challenges a cause of action on an independent ground, we consider that ground first because it would be unnecessary to address whether a plaintiff met his burden as to the no-evidence challenge if the cause of action is barred as a matter of law." *Womack v. Oncor Elec. Delivery Co.*, No. 11-17-00233-CV, 2019 WL 3023516, at *3 (Tex. App.—Eastland July 11, 2019, pet. denied) (mem. op.); *see also Tex. Petroleum Land Mgt., LLC v. McMillan*, 641 S.W.3d 831, 840 (Tex. App.—Eastland 2022, no pet.). As set forth below, we hold that the application of the res judicata doctrine is determinative of this appeal.

## III. Applicable Law and Analysis

In their first issue, the Bagwells argue that their claims are not barred by res judicata or by a Rule 11 agreement that the parties made in the previous litigation. In their second issue, they argue that they are entitled to indemnification for their litigation costs from the prior litigation.

The basis of Appellees' traditional summary-judgment motion was that the Bagwells' indemnity claims were barred under the doctrine of res judicata. We agree.

In *Barr v. Res. Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992), our supreme court set out the fundamental concepts of res judicata, adopting the transactional approach of the Restatement of Judgments Section 24(1). This approach continues to be applied. *See Reynolds v. Quantlab Trading Partners US, LP*, No. 14-21-00087-CV, 2023 WL 313248, at *4 (Tex. App.—Houston [14th Dist.] Jan. 19, 2023, pet. denied) (mem. op.).

Under this transactional approach, a final judgment on an action "extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." *Barr*, 837 S.W.2d at 631 (quoting Restatement of Judgments § 24(1)). The supreme court further quoted the Restatement, noting that a "transaction" "is not equivalent to a sequence of events"; instead, "**the determination is to be made pragmatically**, 'giving weight to such considerations as whether the facts are related in time, space, origin, or motivation[;] whether they form a convenient trial unit[;] and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage.'" *Id.* (emphasis added).

Res judicata generally encompasses two broad categories of concepts involving the conclusive effects arising from prior judgments: (1) claim preclusion, or res judicata, and (2) issue preclusion, or collateral estoppel. *Id.* at 628. As we recently noted,

> Collateral estoppel and res judicata are related concepts concerning the preclusive effect of final judgments. *See Barr* . . ., 837 S.W.2d [at] 628 . . . . Collateral estoppel, or issue preclusion, precludes the

6

relitigation of issues resolved in a prior suit. *Id.* Res judicata, or claim preclusion, bars the relitigation of claims that have been finally adjudicated or arise out of the same subject matter and that could have been litigated in the prior action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

*O'Neill v. City of Fort Worth*, No. 02-21-00214-CV, 2022 WL 325386, at *6 (Tex. App.—Fort Worth Feb. 3, 2022, no pet.) (mem. op.). As the supreme court aptly noted in *Barr*, "Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, **as well as related matters that, with the use of diligence, should have been litigated in the prior suit**." 837 S.W.2d at 627–28 (emphasis added).

We will refer to the first concept as res judicata, which is the concept involved in this appeal. It has three elements: (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) the same parties or those in privity with them, and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Id.* at 628; *see also O'Neill*, 2022 WL 325386, at *6. The well-established policies behind the doctrine of res judicata "reflect the need to bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery." *Barr*, 837 S.W.2d at 629.

All three elements are obviously present in this case. *Bagwell 1* is the prior judgment on the merits by a court of competent jurisdiction. The Bagwells—as both the controlling party for Sister Initiative, LLC in *Bagwell 1* and individually as third-party defendants—and Appellees were the same parties as in *Bagwell 1*. Finally, *Bagwell*

*2* is the second action based on claims that could have been raised in the first action, i.e., indemnity for the Bagwells from Appellees based on the agreements involved in both cases. *See Gamma Grp, Inc. v. Home State Cnty. Mut. Ins. Co.*, 342 S.W.3d 762, 766 (Tex. App.—Dallas 2011, pet. denied).

The Bagwells, however, argue that their indemnity claim should not be subject to the res judicata doctrine because their indemnity claim was not mature and was only a permissive counterclaim, not a mandatory counterclaim. *See Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992) (stating that when two parties are aligned in the first action and no issues are drawn between them, the judgment in that action does not preclude later claims between those parties.). However, the *Getty* court also noted that simply because an indemnitee's claim may be contingent does not necessarily preclude the operation of res judicata. *Id.* at 799–800. When a party who has a permissive counterclaim for indemnity asserts one claim for indemnity in the underlying case, it becomes obligated under the doctrine of res judicata to assert all other claims arising out of the same subject matter. *Id.* at 800; *Gamma Grp.*, 342 S.W.3d at 767.

Here, the Bagwells controlled Sister Initiative, LLC, which was a plaintiff that sued Appellees in *Bagwell 1* but no indemnity claim was brought. Res judicata applies to parties who control a party to the prior judgment. *Getty Oil*, 845 S.W.2d at 800; *Caprock Inv. Corp. v. Montgomery First Corp.*, No. 2-04-155-CV, 2005 WL 3118787, at

*4 (Tex. App.—Fort Worth Nov. 23, 2005, no pet.) (per curiam) (mem. op.). Thus, the Bagwells are barred by res judicata by virtue of that connection.

Additionally, the Bagwells and Appellees entered into a Rule 11 agreement to submit all triable fact issues to the court in the non-jury trial. The trial court incorporated that agreement into its judgment. Because a contingent liability claim is a permissive crossclaim/counterclaim, it was a "triable fact issue" and should have been brought in *Bagwell 1*. As stated by the court in *Barr*, "[a] subsequent suit will be barred if it arises out of the same subject matter of a previous suit and **which through the exercise of diligence, could have been litigated in a prior suit**." 837 S.W.2d at 631 (emphasis added).

In this instance, the parties were identical and in privity; the dispute arose from the same business dealings and documents; their treatment as a trial unit conforms to their Rule 11 understanding; and with the exercise of diligence, the claims could have been litigated in *Bagwell 1*. We hold the Bagwells' claims for indemnity are barred by the doctrine of res judicata. We overrule the Bagwells' first and second issues.

IV.    Conclusion

Having overruled Bagwells' first and second issues and having held that their third issue was not adequately briefed, we affirm the trial court's judgment.

9

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  August 10, 2023